Lewis,
J.—This is an action against the defendant as endorser on three promissory notes. The defense is the *910 statute of limitations. The notes matured December 13, 1877, November 16, 1878, January 22, 1879, respectively. At the time they matured, the defendant was a resident of the state of New York. Thereafter, and in the month of October, 1882, he removed to the state of New Jersey, and has ever since been a resident of that state.
This action was commenced in January, 1888. When the defendant thus removed from this state, there was unexpired of the six years’ limitation, on the first note, one year and two months; on the second, two years and one month, and on the third, two years and three months. All the time the defendant has resided in the state of New -Jersey,- his place of business has been in the city of New York, having an office there, with his name upon the office-door, -and he has spent the business part of each secular day in that city.
At the time of the commencement of this action, section 401 of the Code of Civil Procedure provided: “If, after a cause of action has accrued against a person he departs ' from and resides without the state, or remains continuously absent therefrom for the space of one year or more, the time of his absence is not a part of the time limited for the commencement of the action.”
Prior to the trial, and on the 4th day of June, 1888, section 401 was amended so as to read: “ If, after a cause of action has accrued against a person and he departs from and resides without the state, and remains continuously absent therefrom for the space of one year or more, * *' * the time of his absence * * * is not a part of the time limited for the commencement of the action.” So that, by the amended section, to suspend the running of the statute of limitations, the debtor must not only be a non-resident of the state, but be absent therefrom. The defendant claims that this section, as amended, applies to this case, notwithstanding it was passed after the action was commenced, claiming that the whole matter of limitation is one of process and remedy and not of right or obligation, and is, therefore, entirely without the scope of the constitutional prohibition respecting the obligations of contracts. If he is right in his contention, and this amended" section is held to apply to this case, the statute has probably run against these notes, and the plaintiff is not entitled to recover; and this is the first question to be considered.”
The purpose of this section is to regulate the time within which an action may be commenced after the claim matures; it has no reference to the time when it may be tried, but within what time it may be commenced. It should, I think, be limited in its operation to the time of the commencement of the action, and if, when an action is commenced, a cause of action exists, the change in the act should not be construed to be retroactive unless its language plainly and unmistakably imports that. purpose. Goillotel v. City of New *911 York, 87 N. Y., 441; Richardson v. Cook, 37 id., 599; Hedger v. Rennaker, 3 Metc. (Ky.), 255; Van Rensselaer v. Livingston, 12 Wend., 490.
While the legislatures may change and modify remedies and forms of proceedings, and even the tribunal itself, they cannot destroy or abrogate all remedies whatever, for, by so doing, they impair and destroy contracts. If, before the amended section took effect, the plaintiff had a valid cause of action against the defendant, and had the plaintiff succeeded in getting its cause to trial before the 4th of June, 1888, the time when the amended section took effect, it would then have been entitled to judgment. If the defendant’s contention be correct, the act of June 4th destroyed this claim, and that without giving the plaintiff any opportunity or means of avoiding that result. If the terms of this section, as amended, plainly import that it was to be retrospective in its operations, and apply to actions then pending, thereby defeating a contract previously valid, it would conflict with the prohibition of the United States constitution, which forbids the states passing laws impairing the obligation of contracts.
In an elaborate article written by Judge Cooley, entitled, “Effect of the Change in the Law,” published in vol. 3, Southern Law Review, N. S., page 44, the author says that “ statutes should be construed so as to apply prospectively, unless by their terms a retrospective effect is clearly intended: * * * If the new defense would defeat a contract previously valid or take away any right assured to the party, then the defense could not be allowed, for it would come within the prohibition of that clause of the constitution of the United States which forbids the states passing laws which impair the obligation of contracts. Remedies are always under legislative control and may be changed at will, provided the change does not go to the extent of depriving the one party of substantial redress or of fastening upon the other some new obligation.”
In general, when the law is altered pending an action, the rights of the parties are decided according to the law as it existed when the action was begun, unless the new statute shows a clear intention to vary such rights. Endlich on the Interpretation of Statutes, § 282.
The defendant’s counsel insists that even if it be held that the amended section does not apply to this case, but that the case is to be disposed of under the section as it existed before it was amended, then there should be added to the time that had elapsed between the maturity of the notes and the time the defendant removed from the state, the time he actually spent in the state of New York while residing in New Jersey; and if that be done, it will appear that the statute of limitations had run against the notes at the time the action was commenced.
This claim of the defense has been the subject of much discussion, and the decisions thereon have not been entirely *912 harmonious. The construction given to this section by Justice Ingraham, in Bassett v. Bassett (55 Barb., 518), meets with my approval; the learned justice held that a creditor is not obliged to follow his debtor to another state, nor is he-called upon to watch him to ascertain whether he comes into the state for a temporary purpose so long as his residence is elsewhere. It may also be said that it was intended to give the creditor control as well over the person as the property of the debtor, by requiring a residence in the state to give effect to the limitation. This would not be the case if temporary return from time to time could overcome the residence abroad. The case of Bassett v. Bassett was affirmed in the court of appeals, though not reported. See Albany Law Journal, page 166.
When the plaintiff learned that his debtor had removed from the jurisdiction of the courts of this state, he was justified in waiting for his return. He was not obliged to visit the place of his residence in another state for the purpose of ascertaining whether he occasionally came to the state of New York, and, if so, when and where he might be found. Neither was he obliged to institute inquiries in the towns and cities of this state, to ascertain if he could be found therein. McCord v. Woodhull, 27 How. Pr. Rep., 54.
My conclusion is that the defendant has failed to establish a defense, and that the plaintiff is entitled to a judgment for the amount claimed in its complaint.