SYNDICATE PROPERTIES, INC., A CORPORATION, *Appellant*, v HOTEL FLORIDIAN COMPANY, A CORPORATION; SOL MEYER, SOL KISER, TRUSTEES; GEORGE W. LANGFORD AND L. MCDONALD, *Appellees*.

Division A.

Opinion Filed November 8, 1927.

*Burwell, Redfearn, Ferrell* and *Dewberry*, for Appellant;

*Philip Clarkson, Price, Price, Neeley & Kehoe* and *Kurtz & Reed*, for Appellees.

ELLIS, C. J.—This is an appeal from an order allowing a plea to a bill of complaint to enforce a vendor's lien for the purchase price of lands.

The Floridian Company entered into an agreement with the complainant to purchase from the latter certain lands. The price agreed to be paid was $235,000.00 and was evidenced by five promissory notes, all bearing the same date, which was the date of the contract, February 28, 1925. One of the notes, made payable on demand, was for the sum of $58,750.00; the other four were for the sums of $44,062.50 and payable on or before one, two, three and four years, respectively. The complainant did not own the land at the time of the contract but it held an agreement for the purchase of the same and some time afterwards, on May 2, 1925, acquired a warranty deed conveying to it the fee simple title to the land.

The Floridian Company, desiring to erect a hotel, requested the complainant to execute to it a warranty deed to the land. This was done on May 13, 1925. No mortgage was taken by the complainant nor was other security taken for the payment of the purchase price. The deed to the Floridian Company was recorded on May 15th, two days later. The Floridian Company had prior to that

date, on May 8, 1925, executed a trust deed upon the property to Sol Kiser and Sol Meyer, as trustees, to secure a bond issue upon the property in the amount of $700,-000.00. Kiser and Meyer had notice that the notes given by the Floridian Company to the complainant for the purchase price of the land had not been paid.

The bill does not allege, nor may the inference be drawn from its allegations, that at the time the complainant executed its deed of conveyance to the Floridian Company that it did not know of the existence of the trust deed to Kiser and Meyer.

Later, on June 1, 1925, the Floridian Company executed a second mortgage to Langford in the sum of $125,000.00, who at the time had full knowledge of the existence of the purchase money notes and that they were not paid. Demand has been made upon the Floridian Company for the payment of the demand note and the one which became due on February 28, 1926, but the Floridian Company has failed and refused to pay same. The remaining three notes were not due when the bill to enforce the vendor's lien was filed, which was on June 3, 1926.

An amendment to the bill alleges that demand was made on the Floridian Company for the payment of the first, or demand, note on January 22, 1926. The Floridian Company informed the complainant that it was unable at that time to pay the note and "prepared a mortgage and delivered same to complainant as collateral for said note." That on the 13th of February, 1926, the complainant accepted from the defendant the mortgage as "collateral for the. said notes" but informed the Hotel Company that it did not by accepting the mortgage waive its rights under the purchase money notes. It was alleged that such was the understanding and agreement between the parties. No new consideration was received by the complainant for the

acceptance of the mortgage. That the officer of the complainant company acting for it in the transaction was not "versed in the law" and did not know that the company had a lien but that he "refused" to surrender the notes and informed the Floridian Company that the complainant "did not waive whatever rights it had under and by virtue of the said notes."

The trustees, Meyer and Kiser, and the defendant Langford interposed a plea to the bill averring that the mortgage of February 13, 1926, from the Floridian Company to the complainant was given to secure the five promissory notes; that it was accepted by the complainant and caused to be recorded by it two days later. The mortgage is made a part of the plea and a copy of it was attached to the plea; and that the mortgage contains the following expressed provisions: " 'This mortgage is junior to a trust deed securing an issue of bonds in favor of Meyer-Kiser Corporation, amount $700,000.00, and subject to a trust deed securing bonds to George W. Langford, trustee, of $125,000.00.' "

The mortgage also contained a clause that if the money referred to was not paid promptly and fully within thirty days next after the "same severally become due and payable, or if each and every the stipulation, agreements, conditions and covenants of said promissory notes and this deed, or either, are not fully performed, complied with and abided by, the said aggregate sum mentioned in said promissory note shall become due and payable forthwith or thereafter at the option of the mortgagee, its heirs, legal representatives or assigns, as fully and completely as if the said aggregate sum of two hundred thirty-five thousand dollars was originally stipulated to be paid on such day, anything in said promissory notes or herein to the contrary notwithstanding."

It appears from the allegations of the bill that the promissory notes contain no such or similar acceleration clause.

The plea was a valid one and was correctly sustained. The record does not show that the plea was set down for argument or that issue was taken on it. See Rule 50, Equity Actions.

The plea was filed October 26, 1926, and the chancellor's order was made on November 16, 1926, and was filed on the 30th day of that month. A rule day therefore intervened between the date of filing the plea and the date when the chancellor made the order allowing it. Rule 55, Equity Actions, provides:

"If the plaintiff shall not reply to any plea, or set down any plea or demurrer for argument, on the rule day, when the same is filed, or by the next succeeding rule day, he shall be deemed to admit the truth and sufficiency thereof, and his bill shall be dismissed as of course, unless the court or judge shall allow him further time for the purpose."

The record shows that the court allowed the plea but permitted the complainant to file a replication in three days, if it so desired.

This Court is bound by the rules prescribed by it as much so as attorneys and it must construe them as statutes are construed. See Merchants' Nat. Bank of Jacksonville v. Grunthal, 39 Fla. 388, 22 South. Rep. 685; Hoodless v. Jernigan, 51 Fla. 211, 41 South. Rep. 194.

The appellant should make the error complained of to appear. The burden is upon him. See Jackson et ux. v. Jackson, 80 Fla. 557, 86 South. Rep. 510.

The court simply ordered that the plea be allowed as a good plea and gave the complainant three days to file a replication, *non constat* but that the chancellor obeyed the requirements of the rule.

Irrespective of that consideration, however, the plea was sufficient in form and substance. It was clear, distinct, direct and positive and tended to a single point as a complete defense to the whole bill. See Da Costa v. Dibble, 40 Fla. 418, 24 S. R. 911; Waring v. Bass, 76 Fla. 583, 80 South. Rep. 514.

Assuming that the plea was set down for argument as the rule requires, it denied no allegation of the bill that was well pleaded but set up a fact not appearing in the bill which, if true, was a complete answer, namely: That the complainant had accepted the new security in place of its lien for the purchase price, agreed in writing under seal that the mortgage was junior to both trust deeds.

The new contract was different from that evidenced by the original notes in that the former contained the clause providing for the early maturity of the entire debt on certain conditions; that the mortgagor would permit no waste or deterioration of the property; to keep the buildings insured for the complainant's benefit; to pay all costs and expenses reasonably incurred by the complainant because of the failure of the mortgagor to comply with its agreement; and to pay all taxes, assessments, levies, obligations and incumbrances upon the property, all of which were embraced in covenants contained in the mortgage.

The complainant accepted the mortgage and caused it to be placed on record. The bill alleges that the complainant did not waive its rights under any lien for the purchase price by accepting the mortgage and the parties so understood and agreed; but that allegation must give way before the solemn written declaration of the parties under seal. The mortgage, so far as those covenants and agreements are concerned, is as much binding upon the complainant as the defendant corporation and its privies. See Silver Springs, O. & G. R. Co. v. Van Ness, 45 Fla.

559, 34 South. Rep. 884; Taylor v. Florida East Coast R. Co., 54 Fla. 635, 45 South. Rep. 574.

An acceptance of a deed need not be by formal or express words to that effect but may be by act, conduct or words of the parties. A grantee retaining the deed is deemed to accept it. See 18 C. J. 214.

The decretal order appealed from is affirmed.

STRUM AND BROWN, J. J., concur.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur in the opinion.