THREADGILL, Judge.
Harold Willis was charged with sexual battery on June 18, 1987. He filed a demand for speedy trial on December 2,1987, and on January 22, 1988, the fifty-first day after the demand, moved for discharge pursuant to Rule 3.191, Fla.R.Crim.P. A hearing was held five days later, and because the trial could not be scheduled within 60 days of the original demand, the court granted the motion for discharge. The state charges error in the failure of the court to allow ten days after the hearing for trial pursuant to Fla.R.Crim.P. 3.191(i). We agree and reverse.
In discharging this defendant for the state’s violation of the speedy trial rule, the trial court reasoned that a defendant is entitled to trial within sixty days of his initial demand. However, Rule 3.191(i)(4) now gives the state fifteen days after the filing of a motion for discharge to bring' a defendant to trial. Bloom v. McKnight, 502 So.2d 422 (Fla.1987). See also Win-field v. State, 503 So.2d 333 (Fla. 2d DCA 1986). The committee note to the 1984 amendment of subsection (i) clearly indicates that the intent was to give the prosecutor a full fifteen days after the filing of a motion for discharge because ten days was deemed insufficient time in which to bring a felony defendant to trial.
The trial court erred in failing to comply with the requirement of Rule 3.191(i)(4) that trial be set within ten days of the hearing on the motion for discharge. We therefore reverse the order of discharge and remand with instructions that the defendant be brought to trial.
REVERSED AND REMANDED.
SCHOONOVER, A.C.J., and LEHAN, J., concur.