558 So.2d 53 (1990)
STATE of Florida, Appellant,
v.
Edward Michael PALMIERI, Appellee.
Nos. 88-02586, 88-03107.
District Court of Appeal of Florida, Second District.
January 19, 1990.
Robert A. Butterworth, Atty. Gen., Tallahassee, and David R. Gemmer, Asst. Atty. Gen., Tampa, for appellant.
Jeffrey A. Blau and Ronald Napolitano of Jeffrey A. Blau, P.A., Tampa, for appellee.
ALTENBERND, Judge.
The state appeals two orders in separate cases against Mr. Palmieri. In both cases *54 he was charged with keeping a house of ill fame in violation of section 796.01, Florida Statutes (1987). In case number 88-03107, the trial court dismissed the information, ruling that section 796.01 is unconstitutionally vague. In case number 88-02586, the trial court discharged Mr. Palmieri, ruling that he had been deprived of a speedy trial. We consolidate these cases for the purpose of this appeal and reverse both orders.

CASE NUMBER 88-03107
In this case, Mr. Palmieri was charged with keeping a house of ill fame, resorted to for the purpose of prostitution or lewdness, for a period between February 1, 1988, and August 10, 1988. The evidence which the state intended to introduce to establish the keeping of a house of ill fame is unclear. From the discussions at the hearing on the motion to dismiss, however, the state apparently contended that Mr. Palmieri operated an adult bookstore with private booths, ostensibly for the viewing of movies. The state contended that the thin partitions separating these private booths contained "glory holes," which permitted male customers to engage in homosexual activity between the booths.
The trial court dismissed this information on grounds that section 796.01, Florida Statutes (1987), is unconstitutionally vague. The trial court's order is essentially identical to the order which we reverse on this same date in State v. Warren, 558 So.2d 55 (Fla. 2d DCA 1990). We reverse the trial court's order of dismissal in this case on the same grounds, for the same reasons, and with the same reservations as stated in Warren.

CASE NUMBER 88-02586
In this case, Mr. Palmieri was charged with keeping a house of ill fame for a period between August 11, 1987, and February 18, 1988. Although it is apparent that the trial judge's order was influenced by his belief that section 796.01, Florida Statutes (1987), is unconstitutionally vague, the order in this case discharged Mr. Palmieri for a violation of speedy trial.
Mr. Palmieri was arrested on a warrant on February 19, 1988, for keeping a house of ill fame. The state did not immediately file an information concerning this arrest. Mr. Palmieri's defense counsel, however, filed a notice of appearance, a plea of not guilty, and a demand for discovery on March 7, 1988. The information charging this felony was ultimately filed on July 15, 1988. Mr. Palmieri was arraigned on July 29, 1988. The trial court conducted a pretrial conference on August 4, 1988. At the pretrial conference, trial was set for September 19, 1988. On August 9, 1988, the state filed a notice of discovery, listing six police officers and four private citizens as potential witnesses.
On August 24, 1988, 187 days after his arrest, Mr. Palmieri filed a motion to discharge for violation of speedy trial. Pursuant to Florida Rule of Criminal Procedure 3.191(i)(4), the trial court held a hearing on the motion five days after it had been filed. At the hearing, Mr. Palmieri argued that the state's delay of 147 days in filing the information placed him in the position of choosing between his right to a speedy trial and his need to adequately prepare for trial. Mr. Palmieri, however, presented no evidence to establish actual prejudice as a result of the state's delay in filing the information or in disclosing its discovery.[1] He did not argue that the state had acted in bad faith. The trial court granted the motion to discharge without providing the state an opportunity to try Mr. Palmieri.
The trial court incorrectly ordered the discharge because it did not first require that Mr. Palmieri be brought to trial within ten days. Fla.R.Crim.P. 3.191(i)(4); State v. Willis, 533 So.2d 920 (Fla. 2d DCA 1988). We recognize that it is possible for a delay in filing an information or a discovery violation by the state to violate a defendant's due process rights, or otherwise result in a continuance chargeable to the state. See State v. Borges, 467 So.2d 375 (Fla. 2d *55 DCA), review denied, 476 So.2d 672 (Fla. 1985); State v. Del Gaudio, 445 So.2d 605 (Fla. 3d DCA 1984). Such a continuance can result in a discharge under Florida's speedy trial rule. Lobik v. State, 506 So.2d 1077 (Fla. 2d DCA 1987). Since the adoption of rule 3.191(i)(4), however, it appears that the trial court should typically defer a decision to discharge based on the defendant's inability to prepare for trial until the time of the trial scheduled pursuant to rule 3.191(i)(4). At that time, the defendant has the burden to present evidence establishing that he is entitled to a continuance chargeable to the state, or is otherwise entitled to discharge.
Reversed and remanded for further proceedings consistent herewith.
FRANK, A.C.J., and PARKER, J., concur.
NOTES
[1] It is unclear from this record whether any discovery violation occurred. Thus, we express no opinion as to whether the state was obligated to respond to a demand for discovery which is filed prior to the information. The record does not indicate any affirmative act by Mr. Palmieri to enforce the premature request for discovery either before or after the information was filed.