PER CURIAM.
The State challenges an order suppressing a defendant's statements on the ground that they were tainted by an unlawful arrest for murder. We find no error in the trial court’s determination that the arrest was illegal as being based upon a warrant issued on an insufficient affidavit. State v. Van Pieterson, 550 So.2d 1162 (Fla. 1st DCA 1989). However, we requested that the parties file supplemental briefs as to whether or not the post-arrest Miranda warnings vitiated the taint of the illegal arrest under Brown v. Illinois, 422 U.S. 590, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975). After considering these additional briefs, we affirm.
In Brown the United States Supreme Court held that, where a defendant has been illegally arrested, the Fourth Amendment requires more than simply the giving of Fifth Amendment Miranda warnings. To determine whether or not subsequent statements are a product of the defendant’s free will, Brown requires an analysis of three additional factors: 1) temporal proximity between the illegal arrest and the defendant’s statements, 2) the presence of intervening events, and 3) the purpose and flagrancy of the police misconduct. Brown places the burden of proving admissibility on the State. See also Delap v. State, 440 So.2d 1242, 1253 (Fla.1983). The Brown court refused to remand the case for additional factual determinations where the court had adequate information before it to engage in the analysis. Likewise, we have enough information between the record and the supplemental briefs to go forward with the analysis here.
Regarding temporal proximity, the defendant made his challenged statements only an hour after the arrest. Regarding intervening circumstances, the State primarily relies on the fact that, at the same *323 time the defendant was illegally arrested for murder, he was legally arrested on other valid warrants for unrelated crimes. However, the booking sheets upon which the State relies may not be considered by us because they were not before the trial court. Furthermore, even if the defendant were validly in custody on charges unrelated to the murder, that would not vitiate the taint on the statements here which were made in response to the State’s interrogation on the murder charge, for which the defendant was illegally arrested. See Delap, 440 So.2d at 1252. Regarding the purpose and flagrancy of the violation, we have upheld the trial court’s findings with respect to the arrest, which includes the court’s finding that the officer did not act in good faith by omitting a material fact in his affidavit. Since all three factors weigh in favor of the defendant, the State has failed to sustain its burden to prove that the chain of illegality was broken. In addition, we summarily reject the State’s claim that the defendant would have inevitably given the same statement because we simply cannot predict what statements a defendant would have made. Accordingly, we hold that the taint of the illegal arrest was not vitiated here and that the suppression order should be affirmed.
DOWNEY, LETTS and WARNER, JJ., concur.