PARIENTE, Judge.
The State appeals an order of the trial court entered August 27, 1992, granting the appellee’s motion to discharge for speedy trial violation. Because the court failed to order the State to bring the defendant to trial within ten days after the hearing on the motion to discharge, as required by Florida Rule of Criminal Procedure 3.191, we reverse the order of discharge and remand this cause.
The State charged the appellee, Bryant Michael Eubanks, a/k/a, Little Cool, with second degree murder on December 12, 1989. On April 27,' 1990, the 175 day speedy trial *201 time period, specified by rule 3.191(a), expired; and on April 30,1990, Eubanks filed a motion to discharge for speedy trial violation.
On May 4, 1990, the trial court held a hearing. At that hearing, the trial court granted Eubanks’ motion to suppress evidence which had been filed prior to the expiration of the 175 day speedy trial time period. On that same day, May 4, 1990, the State moved to stay and extend the speedy trial period of rule 3.191 while the state appealed, which the trial court granted. The trial court also denied the motion to discharge.
The State filed a notice appealing the granting of the motion to suppress on May 18, 1990. The appellee did not appeal the propriety of the May 4, 1990, order denying the motion to discharge.[1] This court issued its mandate affirming the trial court’s granting of the motion to suppress on November 22, 1991. State v. Eubanks, 588 So.2d 322 (Fla. 4th DCA 1991). On February 18, 1992, two days before the expiration of the ninety day period specified in rule 3.191(m)[2] for trying a defendant following an appeal, the State again moved for and received an extension of time while it petitioned our supreme court for a writ of certiorari. The writ was denied on May 29, 1992, but again the State took no steps to try the defendant.
Finally on August 20, 1992, Eubanks filed a second motion to discharge, alleging for the first time that the May 4, 1990 order extending the speedy trial requirements was improperly granted and was a “nullity” in violation of the rules governing speedy trial. The trial court agreed that the order to stay and extend of May 4, 1990 was a nullity and in violation of rule 3.191(d) (now renumbered as rule 3.191(h)). The court ordered the defendant be discharged since the fifteen day window period had long since expired, and the defendant had yet to be brought to trial. This appeal followed.
We have previously held in Vallieres v. Grossman, 573 So.2d 196 (Fla. 4th DCA 1991) and Tascarella v. Seay, 564 So.2d 205 (Fla. 4th DCA), rev. denied, 569 So.2d 1280 (Fla.1990), that an extension for a speedy trial cannot be obtained after the expiration of the 175 day time period. Accord Heller v. State, 601 So.2d 642 (Fla. 3d DCA 1992). Although Vallieres, Tascarella and Heller involved motions for extension for exceptional circumstances, the same principle of law applies here. Accordingly, we agree that the trial court had no authority on May 4, 1990, to grant a motion for extension filed after the expiration of the 175 day speedy trial time period. We reject the State’s argument that the statements of Eubanks’ attorney at the hearing on May 4, 1990, advising the court that it had no alternative but to grant the motion to discharge, constituted either a waiver of Eubanks’ rights or a stipulation to extend the time limits pursuant to rule 3.191(i)(l)[3]. Compare State v. Frazee, 617 So.2d 350 (Fla. 4th DCA 1993) (defense motion for continuance does constitute a waiver) with Rivas v. Oppenborn, 605 So.2d 516 (Fla. 3d DCA 1992), (silence of a defendant when a trial date was set beyond the speedy trial period is not an effective waiver).
We agree that the May 4,1990, order summarily denying the motion to discharge was also error. See Fla.R.Crim.P. 3.191(j). However, we find the trial court erred in its order of August 27, 1992, by granting the defendant an automatic discharge. Rule 3.191(p)(3), provides the State with fifteen *202 days, after the motion to discharge is filed, within which to bring the defendant to trial. The purpose of the 1985 amendment to rule 3.191, providing the five and ten day grace periods, was to eliminate the automatic speedy trial dismissal. See State v. Veliz, 524 So.2d 1157, 1158 (Fla. 3d DCA 1988). Thus, the court should have granted the motion to discharge, but only after allowing the State to bring Eubanks to trial within the window period. Accord State v. Jackson, 566 So.2d 951 (Fla. 5th DCA 1990); State v. Palmieri, 558 So.2d 53 (Fla. 2d DCA 1990), quashed on other grounds, 572 So.2d 1378 (Fla.1991); State v. Willis, 533 So.2d 920 (Fla. 2d DCA 1988).
Moreover, although Eubanks’ second motion to discharge attacked the legality of the May 4, 1990, order of extension, it is clear that as of the date the second motion to discharge was filed, August 20, 1992, more than ninety days had passed from the issuance of the mandate, and on that basis, pursuant to rules 3.191(j), 3.191(m) and 3.191(p), the second motion to discharge was properly filed.[4] However, again, the court should not have discharged Eubanks without allowing the State to bring him to trial within the window period. Fla.R.Crim.P. 3.191(p).
Thus, this cause is remanded to the trial court with instructions that the court order the State to try the defendant within ten days from receipt of the mandate, or thereafter grant appellee’s motion to discharge ap-pellee from the crime.
Reversed and remanded for further proceedings consistent herewith.
FARMER, J., and DOWNEY, JAMES C., Senior Judge, concur.

. The appellee had the option to file a petition for writ of prohibition challenging the court's order of May 4, 1990 denying the motion to discharge. Sherrod v. Frartza, 427 So.2d 161 (Fla.1983); Vallieres v. Grossman, 573 So.2d 196 (Fla. 4th DCA 1991).

. In In re Amendments to Fla. Rules of Crim. Proc., 606 So.2d 227 (Fla.1992), rule 3.191 was amended effective January 1, 1993. The provisions are substantially similar to the prior rules, although their letter sections are changed. We refer to the amended section numbers.

.At the hearing of May 4, 1990, the defendant’s counsel, in response to an inquiry from the court, responded that "I don't think that the court has any alternative but to grant it (motion for extension).” Apparently, the defendant's attorney, the assistant state attorney and the trial court all erroneously believed in 1990 that the rules allowed or required an extension even though the motion for extension had not been timely filed.

. We recognize that the state filed a timely motion for extension of the ninety day period, which was granted. However, the extension was for the purpose of petitioning the Supreme Court for a writ of certiorari, which was denied on May 29, 1992. We presume, because the record does not state, that the length of the extension was only for the time of the appeal.