771 So.2d 609 (2000)
Rafael CASTILLO, Appellant,
v.
Martha VLAMINCK de CASTILLO, et al., Appellees.
Nos. 3D00-89, 3D99-3169.
District Court of Appeal of Florida, Third District.
November 22, 2000.
*610 Paul D. Friedman and R. Nicholas Bohn, Miami, for appellant.
Greenberg Traurig and Elliot H. Scherker and Luis M. O'Naughten, Miami; Ress Mintz & Truppman and Michael J. Higer, North Miami, for appellees.
Before GODERICH and SORONDO, JJ., and NESBITT, Senior Judge.
PER CURIAM.
Rafael Castillo appeals the lower court's entry of a final judgment in favor of Martha Vlaminck de Castillo (Vlaminck), and the lower court's order granting Vlaminck's motion for new trial.
We affirm on all issues, and choose to discuss only one, the timeliness of Vlaminck's motion for new trial.
Under Florida Rule of Civil Procedure 1.530(b), a motion for new trial "shall be served not later than 10 days after the return of the verdict." The methods of service are set forth in rule 1.080(b), Florida Rules of Civil Procedure, which states in pertinent part:
Service on the attorney or party shall be made by delivering a copy or mailing it to the attorney or the party at the last known address or, if no address is known, by leaving it with the clerk of the court. Service by mail shall be complete upon mailing. Delivery of a copy within this rule shall be complete upon: (1) handing it to the attorney or to the party, (2) leaving it at the attorney's or party's office with a clerk or other person in charge thereof, (3) if there is no one in charge, leaving it in a conspicuous place therein, (4) if the office is closed or the person to be served has no office, leaving it at the person's place of abode with some person of his or her family above 15 years of age and informing such person of the contents, or (5) transmitting it by facsimile to the attorney's or party's office with a cover sheet containing the sender's name, firm, address, telephone number, and facsimile number, and the number of pages transmitted. When service is made by facsimile, a copy shall also be served by any other method permitted by this rule. Facsimile service occurs when transmission is complete. Service by delivery after 5:00 p.m. shall be deemed to have been made on the next day that is not a Saturday, Sunday, or legal holiday.
Castillo argues that the language of rule 1.080 is clear and unambiguous when it states that service by delivery after 5:00 p.m. shall be deemed to have been made on the next day. Castillo points out that since Vlaminck hand-delivered her motion for new trial after 5:00 p.m. on August 16, 1999, service must be deemed to have been made on the eleventh day after the jury returned its verdict, and as such, untimely under rule 1.530. Vlaminck counters that the time requirement in rule 1.080 was added in 1992 to address facsimile transmissions only. Furthermore, she argues that it would be absurd to read rule 1.080 as requiring her motion for new trial to be deemed untimely because it was delivered after 5:00 p.m. We agree with Vlaminck that a literal interpretation of rule 1.080(b)'s time restriction leads to an unreasonable and absurd result.
Court rules are construed under the same principles of construction that apply to statutes. Syndicate Properties, Inc. v. Hotel Floridian Co., 94 Fla. 899, 114 So. 441 (Fla.1927); Rowe v. State, 394 So.2d 1059 (Fla. 1st DCA 1981). One of the fundamental rules of construction dictates that when the language under review is unambiguous and conveys a clear meaning, *611 it must be given its plain and ordinary meaning. In re McCollam, 612 So.2d 572, 573 (Fla.1993); Holly v. Auld, 450 So.2d 217, 219 (Fla.1984). However, that principle is tempered by another cardinal tenet of statutory construction that cautions against giving a literal interpretation if doing so would lead to an unreasonable or absurd conclusion, plainly at variance with the purpose of the legislation as a whole. State v. Iacovone, 660 So.2d 1371, 1373 (Fla.1995); Holly, 450 So.2d at 219; Brown v. Saint City Church of God of the Apostolic Faith, Inc., 717 So.2d 557, 560 (Fla. 3rd DCA 1998); Phoenix Insurance Company v. McCormick, 542 So.2d 1030, 1032 (Fla. 2nd DCA 1989).
We conclude that a literal interpretation of the wording of rule 1.080(b) leads to an absurd result which could not possibly have been contemplated by its drafters. Under the pertinent provisions of the rule, had Vlaminck mailed the motion at 11:59 p.m. on the day in question, service would have been complete and timely even though Castillo's lawyers would not have actually received it for two to three days thereafter. On the other hand, the same motion, hand-delivered to Castillo's attorneys at 5:01 p.m. on the same day, is untimely. This scenario makes absolutely no sense, and we refuse to elevate mere form to such an unthinkable level above substance.
The essential requirement of rule 1.530 is that motions for new trial be served by the tenth day after the jury returns its verdict; that was done in this case. Vlaminck's counsel entrusted the motion for new trial to a courier at around 4:00 p.m. on August 16, 1999, the tenth day following the jury's verdict. Despite the short distance between opposing counsels' offices, however, Vlaminck's courier did not arrive at the office of Castillo's counsel until shortly after 5:00 p.m. Based on the facts of this case, we conclude that Vlaminck's motion was timely served on the tenth day following the jury's verdict.[1]
Affirmed.
NOTES
[1] Our conclusion is supported by the Committee Notes to Florida Rule of Civil Procedure 1.080 (1992), which indicate that subsection (b) was amended to allow service by facsimile; and the Report of the Florida Bar Civil Procedure Rules Committee, submitted to the Florida Supreme Court in 1992, which reflects that the 5:00 p.m. deadline was added specifically to address concerns related to the facsimile-transmission amendment. See also Bruce J. Berman, Florida Civil Procedure ¶ 080.6[2][a] at 61 n. 34 (1999).