PER CURIAM.
The State of Florida petitions this court for certiorari review of a Broward County Circuit Court order which granted respondent Jennifer Schreiber’s petition for writ of prohibition and remanded her case to the Broward County Court for an order of discharge. For reasons which follow, we grant certiorari and quash that order.
Respondent Jennifer Schreiber was charged by information with two misdemeanors, driving under the influence (with property damage) and driving under the influence. She moved to suppress the results of her blood test, and filed a motion to dismiss as well, apparently moving to strike a UBAL allegation from the information as an alternative theory of prosecution. The State moved ore terms to transfer the case to the central courthouse to accommodate the request to have the case tried by jury. The case was transferred accordingly and reassigned. The reassigned judge later recused himself. The ease was transferred to a successor judge.
*565 On July 3, 2001, respondent filed a Notice of Expiration of Time for Speedy Trial, based on Florida Rule of Criminal Procedure 3.191. The trial court held the five-day hearing required by the rule. The trial court ordered that respondent be brought to trial within ten days. It set the case for trial on July 18, 2001, the fifteenth day of the window recapture period. The day before that was reserved for hearing pending motions. At that hearing, the trial court granted respondent’s motion to suppress blood samples obtained by the Davie Police Department, and granted her motion to strike certain language from the information. The state sought to appeal these trial court orders, and filed a motion for extension of time on July 18, 2001, for trial pending appeal and after mandate, pursuant to Florida Rule of Criminal Procedure 3.191(i)(4). The trial court granted the motion for extension.
On July 18, 2001, the State filed its notice of appeal upon a question certified to this district court from the county court. After rehearing, this court issued its final decision and opinion in State v. Schreiber, 835 So.2d 344 (Fla. 4th DCA 2003), affirming in part and reversing in part with remand to the trial court. Mandate issued February 7, 2003.
Before the appeal was decided, on July 19, 2001, respondent moved for final discharge, and the trial court denied the motion on that date.
Once the appeal was decided, on April 1, 2003, respondent filed, in the circuit court, a petition for writ of prohibition to prohibit the trial court from exercising any further jurisdiction over the case beyond an order discharging her from prosecution. Respondent argued that the State’s motion for extension of time pending appeal was not legally or procedurally valid because it was not filed until the five/ten-day recapture window period under Florida Rule of Criminal Procedure 3.191. The circuit court agreed with respondent and granted prohibition. The circuit court judge ordered the case remanded to the county court for entry of an order discharging respondent.
First, this case is renewable by certiorari pursuant .to State v. Frazee, 617 So.2d 350 (Fla. 4th DCA 1993). The standard of review for a petition for writ of certiorari filed from a decisión of the circuit court rendered in its appellate capacity is whether the court denied the petitioner procedural due process and whether the court departed from the essential requirements of law in such a way as to cause a miscarriage of justice. See Haines City Cmty. Dev. v. Heggs, 658 So.2d 523, 530-31 (Fla.1995). See also Allstate Ins. Co. v. Kaklamanos, 843 So.2d 885, 889 (Fla.2003); Ivey v. Allstate Ins. Co., 774 So.2d 679, 682 (Fla.2000). In Heggs, the supreme court said that the term “ ‘applied the correct law' is synonymous with ‘ob-' serving the essential requirements of law.’ ” ' 658 So.2d at 530.'
No procedural due process argument is raised here. Petitioner State argues that the circuit court departed from the essential requirements of law in this case in finding that the county court did not have authority to stay the proceedings and extend speedy trial under Florida Rule of Criminal Procedure 3.191(i)(4). Petitioner argues that it intended to.take an interlocutory appeal to the circuit court from the orders on suppression and the motion to dismiss part of the information, and that the speedy trial window period had not expired. Thus, extension of speedy trial was authorized.
■ Florida Rule of Criminal Procedure 3.191(i)(4) provides in part:
■ (i) When Time May be Extended. The periods of time established by this *566 rule may be extended, provided the periods of time sought to be extended has not expired at the time the extension was procured. An extension may be procured by:
[[Image here]]
(4) written or recorded order of the court for a period of reasonable and necessary delay resulting from proceedings including but not limited to an examination and hearing to determine the mental competency or physical ability of the defendant to stand trial, for hearings on pretrial motions, for appeals by the state, and for trial of other pending criminal charges against the accused.
The State’s motion for extension of speedy trial in this case falls under (i)(4) in that the request for extension was to allow the State to appeal the county court’s order on the motion to suppress. The question here is whether the State may move for its extension of speedy trial in order to appeal within the fifteen-day recapture period in the rule.
In granting prohibition, the circuit court acknowledged that speedy trial time had expired on July 3, 2001, but that at the time that the State filed its motion for extension of speedy trial time pending appeal and after mandate, the five/ten-day recapture period had not expired. However, the circuit court ruled that the county court had erred in granting the State’s motion for extension of speedy trial time pending appeal because it was filed after expiration of the original speedy trial period, and was not based on exceptional circumstances under rule 3.191 (l).
The circuit court relied heavily on this court’s State v. Eubanks, 630 So.2d 200 (Fla. 4th DCA 1993), rev. denied, 639 So.2d 977 (1994). There, we reversed an order of the trial court granting a defendant’s motion for discharge for speedy trial violation because the trial court had failed to order the State to bring the defendant to trial within ten days after the hearing on the motion for discharge. We found that the trial court lacked the authority to grant the State’s motion to stay and extend speedy trial while the State petitioned the Supreme Court of Florida for further review, because the original 175-day speedy trial time had expired. However, we also concluded that the trial court had erred in granting an automatic discharge. Instead, it should have done so only after allowing the State to bring the defendant to trial within the window period under the rule.
Further, Eubanks was followed by the Florida Supreme Court’s decision in Brown v. State, 715 So.2d 241 (Fla.1998), in which the court held that the State had the right to move for an extension of the original 175-day speedy trial period “so long as the time period sought to be extended has not expired at the time the extension is requested.” Id. at 243. The court said that because the ten-day recapture period had not expired, the extension allowed was indeed valid.
This ruling and interpretation of rule 3.191(i) by the Supreme Court does appear, as petitioner State argues, to reject this court’s narrower construction as articulated in Eubanks. Petitioner contends that Brown thus overrules Eubanks on this point, sub silentio.
The Supreme Court based its interpretation and conclusion in Brown on the plain language of Florida Rule of Criminal Procedure 3.191(i). It also resolved the conflict certified to it between the first district in the Brown case and decisions of this court in Vallieres v. Givssman, 573 So.2d 196 (Fla. 4th DCA 1991) and the third district in Heller v. State, 601 So.2d 642 (Fla. 3d DCA 1992), the latter two cases which had announced a blanket rule *567 that a motion for exceptional circumstance extension can only be granted if filed during the 175-day speedy trial period. The Supreme Court’s decision in Brown expressly disapproved of Vallieres to the extent that it conflicted with its interpretation that the extension could be granted as long as the speedy trial time and recapture period had not expired.
It is true that this ease does not invoke the exceptional circumstances portion of rule 3.191. However, Brown also interpreted section 3.191(i), which does apply here. It expressly interpreted this section of the rule to authorize a State motion for extension of speedy trial time, as long as it is made during speedy trial time including the 10-day recapture period.
The circuit court ruled in the instant case that Brown was “confined to the narrow issue of whether an exceptional circumstances exception made during the 5/10 day recapture window was valid.... ” Petitioner argues that the circuit court departed from the essential requirements of law in so limiting its construction of Brown, and we agree. There would be no rationale for imposing one interpretation of the time permitted for a request for extension if made on one ground (the need for a State appeal) and yet another, broader interpretation of the time permitted for a request for extension if based on the exceptional circumstances exception.
Petitioner notes that court rules such as this one are subject to the same rules of construction as are statutes. Castillo v. Vlaminck de Castillo, 771 So.2d 609 (Fla. 3d DCA 2000) (citing Syndicate Props., Inc. v. Hotel Floridian Co., 94 Fla. 899, 114 So. 441 (1927)). To adopt the inconsistent constructions of the rule as urged by respondent, and applied by the circuit court, would violate the basic dictates of these rules of construction in that it would lead to an absurd result. See generally Baldwin v. State, 857 So.2d 249 (Fla. 2d DCA 2003).
Therefore, we grant this petition for writ of certiorari, quash the circuit court’s order granting prohibition, and remand this case to the county court for further proceedings.
POLEN, STEVENSON and MAY, JJ., concur.