908 So.2d 512 (2005)
John CASON, o/b/o Sarah Elizabeth SAFERIGHT, etc., Appellant,
v.
Darlene HAMMOCK, Personal Representative, etc., Appellee.
No. 5D04-2111.
District Court of Appeal of Florida, Fifth District.
June 24, 2005.
Rehearing Denied August 12, 2005.
*513 Kevin K. Dixon of Kevin K. Dixon, P.A., Inverness, for Appellant.
Eugene A. Wiechens and Russell W. LaPeer, of Landt, Wiechens, LaPeer & Ayres, Ocala, for Appellee.
SAWAYA, C.J.
John Cason, on behalf of his granddaughter, Sarah Saferight, appeals the order denying his Amended Petition for Removal of Personal Representative and the order denying his Petition for Revocation of Probate. These orders emanate from probate proceedings regarding the estate of the decedent, Vivian Saferight, who is Sarah's paternal grandmother. The issues we must resolve are: 1) whether John Cason, Sarah's maternal grandfather, had standing to seek removal of the personal representative; and 2) whether the petitions were timely filed. Before we address these issues we will first discuss the factual and procedural background of the instant case.

Factual And Procedural Background
When Cason discovered that three years prior to her death, Vivian had conveyed her waterfront home to Darlene Hammock, who had provided various services to Vivian the last few years of her life, Cason filed a complaint to set aside the deed on the grounds that it had been procured by Hammock through the use of duress and undue influence or coercion. When Cason discovered that probate proceedings had commenced and that Vivian had left the bulk of her estate to Hammock rather than to Sarah, her only remaining relative, Cason petitioned for revocation of probate on the grounds that Vivian had not possessed the testamentary capacity to execute the will dated May 6, 1998, and that the will was the result of Hammock's undue influence or coercion. *514 Both proceedings were consolidated, and Cason filed a petition to remove Hammock as the personal representative of Vivian's estate, asserting that a conflict of interest arose based on Hammock's defense of the action to set aside the deed and her duties as personal representative of Vivian's estate. The trial court denied both petitions.
To support the trial court's rulings, Hammock asserts two arguments that more specifically frame the issues previously discussed: 1) Cason lacked standing to seek removal of Hammock as personal representative because Sarah, as a specific devisee, was assured of receiving her specific bequest of five thousand dollars from the estate, which, according to Hammock, had sufficient funds to pay that amount; and 2) Sarah was properly served with formal notice of the Notice of Administration pursuant to Florida Probate Rule 5.040(a)(3)(A)(iv), and the petitions were not timely filed because they were not filed within three months of the date of service. We will discuss each issue in the order presented.

Standing
An "interested person" may institute proceedings to remove a personal representative. Fla. Prob. R. 5.440(a). The definition of "interested person" is found in section 731.201(21), Florida Statutes (2003), which provides in pertinent part:
"Interested person" means any person who may reasonably be expected to be affected by the outcome of the particular proceeding involved. . . . The term does not include a beneficiary who has received complete distribution. The meaning, as it relates to particular persons, may vary from time to time and must be determined according to the particular purpose of, and matter involved in, any proceedings.
Hammock contends, and the trial court agreed, that Cason lacks standing because Sarah is not an interested person for the reason that there are sufficient funds in the estate to pay Sarah's specific devise of five thousand dollars and, therefore, under section 731.201(21), she will receive complete distribution. We disagree. Section 731.201(21) specifically requires that the beneficiary receive complete distribution and "receive" means that the beneficiary has actually taken possession of the devise under the decedent's will. The fact that the estate has sufficient funds to pay the devise in full is not the equivalent of receipt of the devise by the beneficiary. Until the beneficiary actually receives the devise, he or she "may reasonably be expected to be affected by the outcome of the particular proceeding involved." § 731.201(21), Fla. Stat. (2003). Because there is nothing in the record to indicate that Sarah has received her specific bequest of five thousand dollars, she is an interested person and Cason, on her behalf, has standing to petition for the removal of Hammock as personal representative of Vivian's estate. Therefore, the trial court erred in denying Cason's petition to remove the personal representative on the basis that he lacked standing.
Next we will explain why we disagree with the trial court's ruling that the petitions were not timely filed.

Timeliness Of The Petitions
Cason, on behalf of Sarah, had three months from the date of service of the Notice of Administration to file an objection to the validity of the will or qualifications of the personal representative. § 733.212(3), Fla. Stat. (2003) ("Any interested person on whom a copy of the notice of administration was served must object to the validity of the will, the qualifications of the personal representative, . . . by filing a petition or other pleading . . . in accordance with the Florida Probate Rules *515 within 3 months after the date of service of a copy of the notice of administration on the objecting person, or those objections are forever barred."). In order to be bound by this time limitation, the interested person must have been formally served with a copy of the notice of administration. See § 733.212(1), Fla. Stat. (2003) (requiring that a copy of the notice of administration be served "in the manner provided for service of formal notice. . . ."); Fla. Prob. R. 5.240 (requiring that all beneficiaries be formally served with the notice of administration); Memorial Sloan-Kettering Cancer Ctr. v. Levy, 681 So.2d 842 (Fla. 3d DCA 1996); In re Estate of Ballett, 426 So.2d 1196, 1199 (Fla. 4th DCA 1983) ("If interested persons are to be limited by special time constraints, the personal representative must strictly comply with the statute authorizing such limitations.") (citing Nardi v. Nardi, 390 So.2d 438 (Fla. 3d DCA 1980)).
When Cason filed the two petitions, more than three months had elapsed since Sarah was purportedly served with formal notice of the probate proceedings pursuant to section 733.212(2), Florida Statutes (2003). However, Cason asserts that Sarah was not properly served because at the time of the purported service Sarah, a minor, was residing with a babysitter who actually accepted service for Sarah. Hammock argues that service at Sarah's usual place of abode, which was the residence of the babysitter, was sufficient under Florida Probate Rule 5.040(a)(3)(A)(iv), which provides that formal notice may be served "on any other individual to the individual's usual place of abode or to the place where the individual regularly conducts business.. . ." Hence, we must determine whether this constitutes proper formal service as Hammock contends because, if it does not, the petitions filed by Cason were timely.
Rule 5.040(a)(3) governs service of formal notice and provides that service shall be accomplished in the following manner:
(A) by sending a copy by any commercial delivery service requiring a signed receipt approved by the chief judge of the judicial circuit in which the proceeding is pending or by any form of mail requiring a signed receipt as follows:
(i) to the attorney representing an interested person; or
(ii) to an interested person who has filed a request for notice at the address given in the request for notice; or
(iii) to an incapacitated person to the person's usual place of abode and to the person's legal guardian, if any, at the guardian's usual place of abode or regular place of business; or, if there is no legal guardian, to the incapacitated person at the person's usual place of abode and on the person, if any, having care or custody of the incapacitated person at the usual place of abode or regular place of business of such custodian; or
(iv) on any other individual to the individual's usual place of abode or to the place where the individual regularly conducts business; or
(v) on a corporation or other business entity to its registered office in Florida or its principal business office in Florida or, if neither is known after reasonable inquiry, to its last known address; or
(B) as provided in the Florida Rules of Civil Procedure for service of process; or
(C) as otherwise provided by Florida law for service of process.
Fla. Prob. R. 5.040(a)(3).
This rule does not specify how service is to be made on a minor. Hammock *516 argued in the probate proceedings that formal service was proper under the provisions of rule 5.040(a)(3)(A)(iii), but a minor is not an incapacitated person.[1] Hammock also argues that formal service was made under rule 5.040(a)(3)(A)(iv). We disagree. To extend the provisions of this particular rule to minors may allow service on minors of very young age simply by delivering the notice to their usual place of abode and obtaining their signature or the signature of another minor of very young age who may also reside there. This method of service does not adequately safeguard the due process rights of minors who receive the notice and may not understand its significance or have the ability to take the necessary steps to ensure that their rights are protected.
Moreover, we must apply the rules of statutory construction to the rules of court promulgated by the Florida Supreme Court. Brown v. State, 715 So.2d 241, 243 (Fla.1998) ("Our courts have long recognized that the rules of construction applicable to statutes also apply to the construction of rules.") (citations omitted); Syndicate Props. v. Hotel Floridian Co., 94 Fla. 899, 114 So. 441, 443 (1927) (declaring that the court "is bound by the rules prescribed by it as much so as attorneys, and it must construe them as statutes are constructed."); Castillo v. Vlaminck de Castillo, 771 So.2d 609, 610 (Fla. 3d DCA 2000) ("Court rules are construed under the same principles of construction that apply to statutes.") (citations omitted); Rowe v. State, 394 So.2d 1059 (Fla. 1st DCA 1981). "It is a settled principle of statutory construction that phrases within a statute are not to be read in isolation, but rather should be construed within the context of the entire section." Thompson v. State, 695 So.2d 691, 692 (Fla.1997) (citing Roberts v. State, 685 So.2d 1277, 1279 (Fla.1996)); see also Acosta v. Richter, 671 So.2d 149, 154 (Fla.1996); Jackson v. State, 634 So.2d 1103, 1105 (Fla. 4th DCA 1994); Kepner v. State, 577 So.2d 576, 578 (Fla.1991) ("In construing statutes, we must, to the extent possible, give effect to all parts of a statute."). Hammock argues that the provision "on any other individual" in rule 5.040(a)(3)(A)(iv) incorporates minors within its plain meaning. However, this argument considers the provision in isolation from the remainder of the rule, which further provides that service may be made "to the place where the individual regularly conducts business. . . ." Since the later provision refers to adults rather than minors, construing all of the provisions in the context of the entire rule, we *517 conclude that rule 5.040(a)(3)(A)(iv) was not intended to apply to minors.
Looking to the other provisions of rule 5.040(a)(3), we note that rule 5.040(a)(3)(C) provides that formal notice shall be served "as otherwise provided by Florida law for service of process." Since none of the provisions of rule 5.040(a) specify how formal notice is to be given to a minor, we look to section 48.041, Florida Statutes (2003), which provides how service on a minor should be accomplished. Section 48.041(1)(a) provides that service on a minor who has never been married shall be accomplished "[b]y serving a parent or guardian of the minor as provided for in s. 48.031 or, when there is a legal guardian appointed for the minor, by serving the guardian as provided for in s. 48.031." § 48.041(1)(a), Fla. Stat. (2003). Section 48.031(1)(a) provides, in pertinent part, that service is to be made by delivering to the person to be served "a copy of the complaint, petition, or other initial pleading or paper or by leaving the copies at his or her usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents." § 48.031(1)(a), Fla. Stat. (2003). The babysitter in the instant case is neither a guardian nor a legal guardian of Sarah.[2] Moreover, there is nothing in the record to suggest that the babysitter was ever informed of the contents of the paper for which she signed. See Bache, Halsey, Stuart, Shields, Inc. v. Mendoza, 400 So.2d 558 (Fla. 3d DCA 1981) (holding that failure to inform the person at the usual place of abode on whom the documents were served of the contents of the document renders the service defective). Indeed, the record shows that Hammock mailed the Notice of Administration by certified mail return receipt requested and the return receipt was signed by the babysitter. Hence there was no one who delivered the notice to the babysitter who could inform her of the contents at the time of service. This court and others have specifically held that substituted service under section 48.031 must be in strict compliance with the requirements of the statute. Torres v. Arnco Constr., Inc., 867 So.2d 583, 585 (Fla. 5th DCA 2004) (holding that service under section 48.031(1)(a) to the person's usual place of abode is a form of substituted service and explaining that "because statutes authorizing substituted service are exceptions to the general rule requiring a defendant to be served personally, due process requires strict compliance with their statutory requirements") (citing Monaco v. Nealon, 810 So.2d 1084 (Fla. 4th DCA 2002); Mercy Lu Enters., Inc. v. Liberty Mut. Ins. Co., 681 So.2d 758 (Fla. 4th DCA 1996)); see also Shurman v. Atlantic Mortgage & Inv. Corp., 795 So.2d 952, 954 (Fla.2001) ("Section 48.031 expressly requires that substituted service be at the person's `usual place of abode.'").
Accordingly, because Sarah was not formally served with a copy of the Notice of Administration in accordance with the requirements *518 of Florida law for service on a minor, the service on Sarah is ineffective and the three-month time limitation for challenging the will and the personal representative's appointment does not apply to Sarah and the petitions filed on her behalf by Cason.

Conclusion
We conclude that Cason, on behalf of Sarah, did have standing to petition for the removal of Hammock as personal representative of Vivian's estate. We also conclude that the Petition for Removal of Personal Representative and the Petition for Revocation of Probate were timely filed. Accordingly, we reverse both orders denying these petitions and remand to the trial court for further proceedings.
REVERSED and REMANDED for further proceedings.
PETERSON and THOMPSON, JJ., concur.
NOTES
[1] An "incapacitated person" is defined in section 744.102(10), Florida Statutes (2003), as "a person who has been judicially determined to lack the capacity to manage at least some of the property or to meet at least some of the essential health and safety requirements of such person." Subsection (11) defines "minor" as "a person under 18 years of age whose disabilities have not been removed by marriage or otherwise." § 744.102(11), Fla. Stat. (2003). (These definitions remain unchanged in the current statute. See § 744.102(11), (12), Fla. Stat. (2004)). Therefore, a minor is not an incapacitated person.

We note that prior to the changes to rule 5.040 adopted by the Florida Supreme Court in In re Amendments to Florida Probate Rules, 607 So.2d 1306 (Fla.1992), rule 5.040(a)(3)(A)(iv) specified how service was to be made on "incompetent" persons. The term "incompetent" is defined in section 731.201(19), Florida Statutes (2003), as it is today, as "a minor or a person adjudicated incompetent." See § 731.201(19), Fla. Stat. (2004). Therefore, prior to 1992, the rule did provide for service on minors. The court, however deleted the term "incompetent" and substituted the term "incapacitated" and renumbered rule 5.040(a)(3)(A)(iv) to the current version of rule 5.040(a)(3)(A)(iii). We strongly suggest that the court consider amending rule 5.040 to once again include provisions specifying how minors should be served with formal service.
[2] A "guardian" is defined as "a person who has been appointed by the court to act on behalf of a ward's person or property, or both." § 744.102(8), Fla. Stat. (2003). We have not found a definition of the term "legal guardian." We have found a definition of the term "legal guardianship" in section 39.01(34), Florida Statutes (2003), which provides that the term "means a judicially created relationship between the child and caregiver which is intended to be permanent and self-sustaining and is provided pursuant to the procedures in chapter 744." We do not consider it necessary to formulate a definition of the term "legal guardian" that applies to all cases in which section 48.041(1)(a) applies. Suffice it to say that we believe, under the facts and circumstances of this particular case, the babysitter is neither a guardian nor a legal guardian of Sarah as that term is used in the pertinent statutory provisions we have applied here.