959 So.2d 1170 (2007)
In re AMENDMENTS TO THE FLORIDA PROBATE RULES.
No. SC07-153.
Supreme Court of Florida.
July 5, 2007.
Peter A. Sachs, Chair, Florida Probate Rules Committee, West Palm Beach, FL, John F. Harkness, Jr., Executive Director and J. Craig Shaw, Bar Staff Liaison, The Florida Bar, Tallahassee, FL, for Petitioner.
Sean O. Cadigan, Tampa, FL, and Keela Roberts Samis, St. Petersburg, FL, Responding with comments.
PER CURIAM.
This matter is before the Court for consideration of proposed amendments to the Florida Probate Rules. We have jurisdiction. See art. V, § 2(a), Fla. Const.; Fla. R. Jud. Admin. 2.140(b).

BACKGROUND
On January 29, 2007, the Florida Probate Rules Committee (Committee) filed a regular-cycle report recommending *1171 amendments to several of the Florida Probate Rules, as well as the adoption of two new rules. The Committee proposes amendments to existing rules 5.040 (Notice); 5.041 (Service of Pleadings and Papers); 5.200 (Petition for Administration); 5.210 (Probate of Wills Without Administration); 5.241 (Notice to Creditors); 5.490 (Form and Manner of Presenting Claims); 5.496 (Form and Manner of Objecting to Claim); 5.498 (Personal Representative's Proof of Claim); 5.499 (Form and Manner of Objecting to Personal Representative's Proof of Claim); 5.530 (Summary Administration); 5.650 (Resignation or Disqualification of Guardian; Appointment of Successor); 5.670 (Termination of Guardianship on Change of Domicile of Resident Ward); 5.697 (Magistrate's Review of Guardianship Accountings and Plans); and 5.710 (Reports of Public Guardian). It further proposes the adoption of two new rules: rules 5.095 (General and Special Magistrates) and 5.645 (Management of Property of Nonresident Ward by Foreign Guardian).

DISCUSSION
After the Committee filed its report with the Court, the Court published the proposed amendments in The Florida Bar News. Sean O. Cadigan and Keela Roberts Samis, both members of The Florida Bar, filed a joint comment, the only one filed. Cadigan and Samis, both of whom have served as magistrates in probate cases, suggested the addition of a sentence to the end of subdivision (e) in rule 5.697 to read: "The magistrate shall be required to file a report only if a hearing is held pursuant to subdivision (d) of this rule or if specifically directed to do so by the court." They believed the additional sentence would make it clear that a magistrate would not need to prepare and file a magistrate's report or adhere to the exception period when the magistrate assists the court in the review of guardianship reports, but does not conduct a hearing to review the report.
In its response to the comment, the Committee agreed that the addition of the sentence proposed by Cadigan and Samis would avoid a possible misinterpretation of the rules and asked the Court to incorporate the sentence proposed by Cadigan and Samis into its proposal.

CONCLUSION
Having taken the proposed amendments, the comment, and the Committee's response into consideration, we hereby adopt the amendments to the Florida Probate Rules as set forth in the appendix to this opinion, including the additional sentence at the end of subdivision (e) in rule 5.697, suggested by Cadigan and Samis. New language is indicated by underscoring; deletions are indicated by struck-through type. The committee notes are offered for explanation only and are not adopted as an official part of the rules. The amendments will become effective on January 1, 2008, at 12:01 a.m.
LEWIS, C.J., and WELLS, ANSTEAD, PARIENTE, QUINCE, CANTERO, and BELL, JJ., concur.

APPENDIX
RULE 5.040. NOTICE
(a) Formal Notice.
(1)-(2) [NO CHANGE]
(3) Formal notice shall be served:
(A) by sending a copy by any commercial delivery service requiring a signed receipt or by any form of mail requiring a signed receipt as follows:
(i) to the attorney representing an interested person; or
*1172 (ii) to an interested person who has filed a request for notice at the address given in the request for notice; or
(iii) to an incapacitated person to the person's usual place of abode and to the person's legal guardian, if any, at the guardian's usual place of abode or regular place of business; or, if there is no legal guardian, to the incapacitated person at the person's usual place of abode and on the person, if any, having care or custody of the incapacitated person at the usual place of abode or regular place of business of such custodian; or
(iv) to a minor whose disabilities of nonage are not removed, by serving the persons designated to accept service of process on a minor under chapter 48, Florida Statutes; or
(iv)(v) on any other individual to the individual's usual place of abode or to the place where the individual regularly conducts business; or
(v)(vi) on a corporation or other business entity to its registered office in Florida or its principal business office in Florida or, if neither is known after reasonable inquiry, to its last known address; or
(B) as provided in the Florida Rules of Civil Procedure for service of process; or
(C) as otherwise provided by Florida law for service of process.
(4)-(5) [NO CHANGE]
(b)-(d) [NO CHANGE]

Committee Notes

[NO CHANGE]
Rule History
1975 Revision: Implements section 731.301, Florida Statutes.
1977 Revision: Reference to elisor.
1980 Revision: Editorial changes. Clarification of time for filing defenses after formal notice. Authorizes court to give relief to delinquent respondent from ex parte status; relief from service on numerous persons; allows optional use of formal notice.
1984 Revision: Editorial changes. Eliminates deadline for filing as opposed to serving defenses after formal notice; defines procedure subsequent to service of defenses after formal notice; new requirements for service of formal notice on incompetents and corporations; defines when service of formal notice is deemed complete; provisions relating to method of service of informal notice transferred to new rules 5.041 and 5.042; eliminates waiver of notice by will.
1988 Revision: Editorial changes. Committee notes revised. Citation form changes in committee notes.
1991 Revision: Subdivision (b) amended to define informal notice more clearly.
1992 Revision: Editorial changes. Committee notes revised. Citation form changes in committee notes.
1996 Revision: Subdivision (a) amended to permit service of formal notice by commercial delivery service to conform to 1993 amendment to section 731.301(1), Florida Statutes. Editorial changes.
2001 Revision: Editorial changes in subdivision (a)(3)(A) to clarify requirements for service of formal notice.
2003 Revision: Committee notes revised.
2005 Revision: Subdivision (a)(3)(A) amended to delete requirement of court approval of commercial delivery service.
2006 Revision: Committee notes revised.
2007 Revision: New subdivision (a)(3)(A)(iv) inserted in response to Cason ex rel. Saferight v. Hammock, 908 So.2d 512 (Fla. 5th DCA 2005), and subsequent *1173 subdivisions renumbered accordingly. Committee notes revised.
Statutory References
§ 1.01(3), Fla. Stat. Definitions.
ch. 48, Fla. Stat. Process and service of process.
ch. 49, Fla. Stat. Constructive service of process.
§ 731.105, Fla. Stat. In rem proceeding.
§ 731.201(16), (20), Fla. Stat. General definitions.
§ 731.301, Fla. Stat. Notice.
§ 731.302, Fla. Stat. Waiver and consent by interested person.
§ 733.212, Fla. Stat. Notice of administration; filing of objections.
§ 733.2123, Fla. Stat. Adjudication before issuance of letters.
§ 733.502, Fla. Stat. Resignation of personal representative.
§ 733.613, Fla. Stat. Personal representative's right to sell real property.
§ 733.6175, Fla. Stat. Proceedings for review of employment of agents and compensation of personal representatives and employees of estate.
§ 733.901, Fla. Stat. Final discharge.
ch. 743, Fla. Stat. Disability of nonage of minors removed.
§ 744.106, Fla. Stat. Notice.
§ 744.301, Fla. Stat. Natural guardians.
§ 744.3201, Fla. Stat. Petition to determine incapacity.
§ 744.331, Fla. Stat. Procedures to determine incapacity.
§ 744.3371, Fla. Stat. Notice of petition for appointment of guardian and hearing.
§ 744.441, Fla. Stat. Powers of guardian upon court approval.
§ 744.447, Fla. Stat. Petition for authorization to act.
§ 744.477, Fla. Stat. Proceedings for removal of a guardian.
Rule References
[NO CHANGE]
RULE 5.041. SERVICE OF PLEADINGS AND PAPERS
(a) [NO CHANGE]
(b) Service; How Made. When service is required or permitted to be made on an interested person represented by an attorney, service shall be made on the attorney unless service on the interested person is ordered by the court. Except when serving formal notice, or when serving a motion, pleading, or other paper in the manner provided for service of formal notice, service shall be made by delivering or mailing a copy of the motion, pleading, or other paper to the attorney or interested person at the last known address or, if no address is known, leaving it with the clerk of the court. If the interested person is a minor whose disabilities of nonage are not removed, and who is not represented by an attorney, then service shall be on the persons designated to accept service of process on a minor under chapter 48, Florida Statutes. Service by mail shall be complete upon mailing except when serving formal notice or when making service in the manner of formal notice. Delivery of a copy within this rule shall be complete upon
(1) handing it to the attorney or to the interested person; or
(2) leaving it at the attorney's or interested person's office with a clerk or other person in charge thereof; or
(3) if there is no one in charge, leaving it in a conspicuous place therein; or
(4) if the office is closed or the person to be served has no office, leaving it at the *1174 person's usual place of abode with some person of his or her family above 15 years of age and informing that person of the contents; or
(5)transmitting it by facsimile to the attorney's or interested person's office with a cover sheet containing the sender's name, firm, address, telephone number, facsimile number, and the number of pages transmitted. When delivery is made by facsimile, a copy shall also be served by any other method permitted by this rule. Facsimile delivery occurs when transmission is complete.
Service by delivery after 4:00 p.m. shall be deemed to have been made on the next day that is not a Saturday, Sunday, or legal holiday.
(c)-(g) [NO CHANGE]

Committee Notes

[NO CHANGE]
Rule History
1984 Revision: New rule. Subdivision (c) is same as former rule 5.040(d).
1988 Revision: Committee notes revised. Citation form changes in committee notes.
1992 Revision: Editorial changes. Committee notes revised. Citation form changes in committee notes.
1996 Revision: Subdivision (b) amended to allow service to be made by facsimile. Committee notes revised.
2000 Revision: Subdivision (b) amended to clarify requirements for service of pleadings and papers. Subdivision (e) amended to clarify date of filing. Editorial changes in subdivision (f).
2003 Revision: Committee notes revised.
2005 Revision: Changes in subdivisions (b) and (f) to clarify service requirements, and editorial changes in (e).
2006 Revision: Committee notes revised.
2007 Revision: Provisions regarding service on a minor added in subdivision (b) in response to Cason ex rel. Saferight v. Hammock, 908 So.2d 512 (Fla. 5th DCA 2005). Committee notes revised.
Statutory References
ch. 39, Fla. Stat. Proceedings relating to children.
ch. 48, Fla. Stat. Process and service of process.
ch. 61, Fla. Stat. Dissolution of marriage; support; custody.
ch. 63, Fla. Stat. Adoption.
§ 731.201, Fla. Stat. General definitions.
§ 731.301, Fla. Stat. Notice.
§ 733.212, Fla. Stat. Notice of administration; filing of objections.
§ 733.2123, Fla. Stat. Adjudication before issuance of letters.
§ 733.705(2), (4), Fla. Stat. Payment of and objection to claims.
ch. 743, Fla. Stat. Disability of nonage of minors removed.
§ 744.3201, Fla. Stat. Petition to determine incapacity.
§ 744.331, Fla. Stat. Procedures to determine incapacity.
§ 744.3371, Fla. Stat. Notice of petition for appointment of guardian and hearing.
§ 744.447, Fla. Stat. Petition for authorization to act.
ch. 751, Fla. Stat. Temporary custody of minor children by extended family.
Rule References
Fla. Prob. R. 5.020 Pleadings; verification; motions.
Fla. Prob. R. 5.025 Adversary proceedings.
Fla. Prob. R. 5.030 Attorneys.
*1175 Fla. Prob. R. 5.040 Notice.
Fla. Prob. R. 5.042 Time.
Fla. Prob. R. 5.150(c) Order requiring accounting.
Fla. Prob. R. 5.180(a)(1) Waiver and consent.
Fla. Prob. R. 5.240(a) Notice of administration.
Fla. Prob. R. 5.340(d) Inventory.
Fla. Prob. R. 5.550 Petition to determine incapacity.
Fla. Prob. R. 5.560 Petition for appointment of guardian of an incapacitated person.
Fla. R. Civ. P. 1.080 Service of pleadings and papers.
Fla. R. Jud. Admin. 2.505 Attorneys.
RULE 5.095 GENERAL AND SPECIAL MAGISTRATES
(a) General Magistrates. The court may appoint general magistrates as the court finds necessary. General magistrates shall be members of The Florida Bar and shall continue in office until removed by the court. The order making an appointment shall be recorded. Each general magistrate shall take the oath required of officers by the Florida Constitution. The oath shall be recorded before the magistrate begins to act.
(b) Special Magistrates. The court may appoint members of The Florida Bar as special magistrates for any particular service required by the court. Special magistrates shall be governed by all laws and rules relating to general magistrates, except special magistrates shall not be required to make oath unless specifically required by the court. For good cause shown, the court may appoint a person other than a member of The Florida Bar as a special magistrate.
(c) Reference. No referral shall be made to a magistrate without the consent of the parties. When a referral is made to a magistrate, either party may set the action for hearing before the magistrate.
(d) General Powers and Duties. Every magistrate shall act under the direction of the court. Process issued by a magistrate shall be directed as provided by law. All grounds for disqualification of a judge shall apply to magistrates.
(e) Bond. When not otherwise provided by law, the court may require magistrates who are appointed to dispose of real or personal property to give bond and surety conditioned for the proper payment of all money that may come into their hands and for the due performance of their duties. The bond shall be made payable to the State of Florida and shall be for the benefit of all persons aggrieved by any act of the magistrate.
(f) Hearings. Hearings before any magistrate may be held in the county where the action is pending or at any other place by order of the court for the convenience of the witnesses or the parties. The magistrate shall assign a time and place for proceedings as soon as reasonably possible after a referral is made and give notice to all parties. If any party fails to appear, the magistrate may proceed ex parte or may continue the hearing to a future day, with notice to the absent party. The magistrate shall proceed with reasonable diligence and the least practicable delay. Any party may apply to the court for an order directing the magistrate to accelerate the proceedings and to make a report promptly. Evidence shall be taken in writing or by electronic recording by the magistrate or by some other person under the magistrate's authority in the magistrate's presence and shall be filed with the magistrate's report. The magistrate may examine and take testimony from the parties *1176 and their witnesses under oath on all matters contained in the referral and may require production of all books, papers, writings, vouchers, and other documents applicable to those matters. The magistrate shall admit only evidence that would be admissible in court. The magistrate may take all actions concerning evidence that may be taken by the court. All parties accounting before a magistrate shall bring in their accounts in the form of accounts payable and receivable, and any other parties who are not satisfied with the account may examine the accounting party orally or by interrogatories or deposition as the magistrate directs. All depositions and documents that have been taken or used previously in the action may be used before the magistrate.
(g) Magistrate's Report. The magistrate's report shall contain a description of the matters considered and the magistrate's conclusion and any recommendations. No part of any statement of facts, account, charge, deposition, examination, or answer used before the magistrate shall be recited.
(h) Filing Report; Notice; Exceptions. The magistrate shall file the report and serve copies on the parties. The parties may serve exceptions to the report within 10 days from the time it is served on them. If no exceptions are filed within that period, the court shall take appropriate action on the report. All timely filed exceptions shall be heard on reasonable notice by either party.
(i) Application of Rule. This rule shall not apply to the appointment of magistrates for the specific purpose of reviewing guardianship inventories, accountings, and plans as otherwise governed by law and these rules.

Committee Notes
Rule History
2007 Revision: This rule, patterned after Florida Rule of Civil Procedure 1.490, is created to implement the use of magistrates in probate and guardianship proceedings other than those specifically addressed in rule 5.697.
Rule References
Fla. Prob. R. 5.697 Magistrates' review of guardianship inventories, accountings, and plans.
Fla. R. Civ. P. 1.490 Magistrates.
RULE 5.200. PETITION FOR ADMINISTRATION
The petition for administration shall be verified by the petitioner and shall contain:
(a)-(g) [NO CHANGE]
(h) in an intestate estate, a statement that after the exercise of reasonable diligence the petitioner is unaware of any unrevoked wills or codicils, or if the petitioner is aware of any unrevoked wills or codicils, a statement why the wills or codicils are not being probated, or otherwise a statement of the facts concerning any such will or codicil;
(i) in a testate estate, a statement identifying all unrevoked wills and codicils being presented for probate, and a statement that the petitioner is unaware of any other unrevoked wills or codicils or, if the petitioner is aware of any other unrevoked wills or codicils, a statement why the other wills or codicils are not being probated; and
(j) [NO CHANGE]

Committee Notes
Rule History
1977 Revision: Addition to (b)(5) to require an affirmative statement that the person sought to be appointed as personal representative is qualified to serve. Committee *1177 note expanded to include additional statutory references.
Substantially the same as section 733.202, Florida Statutes, and implementing sections 733.301 through 733.305, Florida Statutes.
1988 Revision: Editorial changes. Committee notes revised.
1992 Revision: Addition of phrase in subdivision (b) to conform to 1992 amendment to section 733.202(2)(b), Florida Statutes. Reference to clerk ascertaining the amount of the filing fee deleted in subdivision (g) because of repeal of sliding scale of filing fees. The remaining language was deemed unnecessary. Editorial changes. Committee notes revised. Citation form changes in committee notes.
2002 Revision: Addition of phrases in subdivision (j) to add references to wills probated in Florida where the original is in the possession of a foreign official. Editorial changes. Committee notes revised.
2003 Revision: Committee notes revised.
2007 Revision: Editorial changes in (h) and (i).
Statutory References
[NO CHANGE]
Rule References
[NO CHANGE]
RULE 5.210. PROBATE OF WILLS WITHOUT ADMINISTRATION
(a) Petition and Contents. A petition to admit a decedent's will to probate without administration shall be verified by the petitioner and shall contain:
(a)(1) a statement of the interest of the petitioner, the petitioner's name and address, and the name and office address of the petitioner's attorney;
(b)(2) the name, last known address, social security number, date and place of death of the decedent, and state and county of the decedent's domicile;
(c)(3) so far as is known, the names and addresses of the surviving spouse, if any, and the beneficiaries and their relationships to the decedent, and the date of birth of any who are minors;
(d)(4) a statement showing venue;
(e)(5) a statement whether domiciliary or principal proceedings are pending in another state or country, if known, and the name and address of the foreign personal representative and the court issuing letters;
(f)(6) a statement that there are no assets subject to administration in Florida;
(g)(7) a statement identifying all unrevoked wills and codicils being presented for probate and a statement that the petitioner is unaware of any other unrevoked wills or codicils or, if the petitioner is aware of any other unrevoked wills or codicils, a statement why the other wills or codicils are not being probated; and
(h)(8) a statement that the original of the decedent's last will is in the possession of the court or accompanies the petition, or that an authenticated copy of a will deposited with or probated in another jurisdiction or that an authenticated copy of a notarial will, the original of which is in the possession of a foreign notary, accompanies the petition.
(b) Service. The petitioner shall comply with rule 5.240 with regard to service of a copy of the petition.
(c) Objections. Objections to the validity of the will shall follow the form and procedure set forth in these rules pertaining to revocation of probate. Objections to the venue or jurisdiction of the court shall follow the form and procedure set forth in the Florida Rules of Civil Procedure.
*1178 Committee Notes

[NO CHANGE]
Rule History
1975 Revision: Proof of will may be taken by any Florida circuit judge or clerk without issuance of commission.
1984 Revision: This rule has been completely revised to set forth the procedure for proving all wills except lost or destroyed wills and the title changed. The rule requires an oath attesting to the statutory requirements for execution of wills and the will must be proved before an order can be entered admitting it to probate. Former rules 5.280, 5.290, and 5.500 are included in this rule. Committee notes revised.
1988 Revision: Editorial and substantive changes. Change in (a)(3) to clarify which law determines validity of a notarial will; change in (a)(4) to clarify requirement that will of a Florida resident must comply with Florida law; adds new subdivision (b) to set forth required contents of petition for probate of will; moves former (b) to (c). Committee notes expanded; citation form change in committee notes.
1992 Revision: Editorial changes. Committee notes revised. Citation form changes in committee notes.
1996 Revision: Subdivision (a)(4) changed to allow authenticated copies of wills to be admitted to probate if the original is filed or deposited in another jurisdiction.
2002 Revision: Substantial revision to the rule setting forth the requirements of a petition to admit a will to probate when administration is not required. Self proof of wills is governed by the Florida Statutes. Former subdivision (a)(4) amended and transferred to new rule 5.215. Former subdivision (a)(5) amended and transferred to new rule 5.216.
2003 Revision: Committee notes revised.
2007 Revision: Existing text redesignated as subdivision (a) and editorial change made in (a)(7). New subdivisions (b) and (c) added to provide for service of the petition and the procedure for objections consistent with the procedures for probate of a will with administration. Committee notes revised.
Statutory References
[NO CHANGES]
Rule References
Fla. Prob. R. 5.015 General definitions.
Fla. Prob. R. 5.205(a)(7) Filing evidence of death.
Fla. Prob. R. 5.215 Authenticated copy of will.
Fla. Prob. R. 5.216 Will written in foreign language.
Fla. Prob. R. 5.240 Notice of administration.
RULE 5.241. NOTICE TO CREDITORS
(a) Publication and Service. Unless creditors' claims are otherwise barred by law, the personal representative shall promptly publish a notice to creditors and serve a copy of the notice on all creditors of the decedent who are reasonably ascertainable and, if required by law, on the Agency for Health Care Administration. Service of the notice shall be either in the manner provided for by informal notice, or in the manner provided for service of formal notice at the option of the personal representative. Service on one creditor by a chosen method shall not preclude service on another creditor by another method.
(b)-(d) [NO CHANGE]

*1179 Committee Notes

[NO CHANGE]
Rule History
2002 Revision: New rule to implement procedures consistent with new section 733.2121, Florida Statutes.
2003 Revision: Committee notes revised.
2005 Revision: Subdivision (a) amended to clarify approved methods of service on creditors. Committee notes revised.
2007 Revision: Editorial change in (a).
Statutory References
[NO CHANGE]
Rule Reference
[NO CHANGE]
RULE 5.490. FORM AND MANNER OF PRESENTING CLAIM
(a) Form. A creditor's statement of claim shall be verified and filed with the clerk and shall state:
(1) the basis for the claim;
(2) the amount claimed;
(3) the name and address of the creditor;
(4) the security for the claim, if any; and
(5) whether the claim is currently due or involves an uncertainty and, if not due, then the due date and, if contingent or unliquidated, the nature of the uncertainty.
(b)-(e) [NO CHANGE]
(f) Service by Personal Representative. If the personal representative files a claim individually, or in any other capacity creating a conflict of interest between the personal representative and any interested person, then at the time the claim is filed, the personal representative shall serve all interested persons with a copy of the claim and notice of the right to object to the claim. The notice shall state that an interested person may object to a claim as provided by law and rule 5.496. Service shall be either by informal notice or in the manner provided for service of formal notice. Service on one interested person by a chosen method shall not preclude service on another interested person by another method.

Committee Notes

[NO CHANGE]
Rule History
1975 Revision: Sets forth the claims procedure to be followed and clarifies the matter of delivery of copies where there are multiple personal representatives or where the attorney of record desires to accept such delivery.
1984 Revision: Extensive editorial changes and requires furnishing of copy of claim to the attorney for the personal representative. Committee notes revised.
1988 Revision: Clarifies the matter of delivery of copies and directs the clerk to mail the same to the attorney for the personal representative unless designations are filed by all personal representatives to the contrary. Subdivision (e) added to implement the procedure found in section 733.704, Florida Statutes. Editorial changes. Committee notes expanded. Citation form change in committee notes.
1992 Revision: Committee notes revised. Citation form changes in committee notes.
1999 Revision: Reference to repealed rule deleted from committee notes.
2003 Revision: Committee notes revised.
2007 Revision: Editorial change in (a). New (f) added, providing procedure for notice when personal representative files a claim individually or otherwise has a conflict of interest with any interested person regarding a claim.
Statutory References
[NO CHANGE]
*1180 Rule References
[NO CHANGE]
RULE 5.496. FORM AND MANNER OF OBJECTING TO CLAIM
(a) Filing. An objection to a claim, other than a personal representative's proof of claim, shall be in writing and shall be filed on or before the expiration of 4 months from the first publication of notice to creditors or within 30 days from the timely filing or amendment of the claim, whichever occurs later.
(b) Service. A personal representative or other interested person who files an objection to the claim shall serve a copy of the objection on the claimant within 10 days after the filing of the objection. The objection shall include a certificate of service. If the objection is filed by an interested person other than the personal representative, a copy of the objection shall also be served on the personal representative within 10 days after the filing of the objection.
(c) Notice to Claimant. [NO CHANGE]

Committee Notes

[NO CHANGE]
Rule History
1992 Revision: New rule.
2003 Revision: Reference in (a) to notice of administration changed to notice to creditors. Committee notes revised.
2005 Revision: Removed provision for objections to personal representative's proof of claim, now addressed in rule 5.498, and subsequent subdivisions relettered. Reference to service on the claimant's attorney removed because service on the attorney is required by rule 5.041(b). Committee notes revised.
2007 Revision: Editorial change in (a). Second sentence of (b) added to specify that the objection must include a certificate of service.
Statutory References
[NO CHANGE]
Rule References
[NO CHANGE]
RULE 5.498. PERSONAL REPRESENTATIVE'S PROOF OF CLAIM
(a) Contents. [NO CHANGE]
(b) Service. The proof of claim shall be served at the time of filing or promptly thereafter on all interested persons and all claimants listed in the proof of claim at the time of filing, or immediately thereafter.

Committee Notes

[NO CHANGE]
Rule History
2005 Revision: New rule.
2007 Revision: Subdivision (b) amended to eliminate the need to serve claimants listed as paid on the proof of claim, and clarifying editorial change.
Statutory References
[NO CHANGE]
Rule References
[NO CHANGE]
RULE 5.499. FORM AND MANNER OF OBJECTING TO PERSONAL REPRESENTATIVE'S PROOF OF CLAIM
(a) Filing. An objection to a personal representative's proof of claim shall be in writing and shall be filed on or before the expiration of 4 months from the first publication of notice to creditors or within 30 days from the timely filing of the proof of claim, whichever occurs later.
(b) Contents. The objection shall identify the particular claim or claims listed as to be paid item or items to which objection is made. An objection to an item listed on *1181 the proof of claim as to be paid shall also contain a statement that the claimant is limited to a period of 30 days from the date of service of an objection within which to bring an independent action as provided by law.
(c) Items Listed as Paid. If an objection is filed to an item listed on the proof of claim as paid, it shall not be necessary for the claimant to file an independent action as to that item. Liability as between estate and the personal representative individually for claims listed on the proof of claim as paid, or for claims treated as if they were listed on the proof of claim as paid, shall be determined in the estate administration, in a proceeding for accounting or surcharge, or in another appropriate proceeding, whether or not an objection has been filed.
(d) Items Paid Before Objection. If an item listed as to be paid is paid by the personal representative prior to the filing of an objection as to that item, the item shall be treated as if it were listed on the proof of claim as paid.
(c)(e) Service. The objector shall serve a copy of the objection on the personal representative and on each claimant to which the objection relates, in the case of any objection to an item listed as to be paid, shall also serve a copy on that claimant within 10 days after the filing of the objection. In the case of an objection to an item listed as to be paid, the objection shall include a certificate of service.
(d) Notice to Claimant. An objection shall contain a statement that the claimant is limited to a period of 30 days from the date of service of an objection within which to bring an action as provided by law. If the claim objected to is paid prior to the objection being filed, the claim shall be treated as if it were listed on the proof of claim as paid.

Committee Notes
If the claim to which the person objects is listed on the proof of claim as paid or is deemed to have been listed as paid (because the claim had been listed as to be paid, but was in fact paid subsequent to the filing of the proof of claim but prior to the filing of an objection to the claim), it shall not be necessary for the claimant to file an independent action on that claim on account of the objection. Issues of liability as between the estate and the personal representative individually for that claim shall be determined in the estate administration, in a proceeding for accounting or surcharge, or in another appropriate proceeding. This rule represents an implementation of the procedure found in section 733.705, Florida Statutes, with respect to a proof of claim filed by the personal representative. The rule recognizes the different treatment between items listed on a proof of claim as having been paid versus items listed as to be paid. An objection to an item listed as to be paid is treated in the same manner as a creditor's claim and there is a requirement to furnish notice of the time limitation in which an independent action or declaratory action must be filed after objection to a claim.
Rule History
2005 Revision: New rule.
2007 Revision: Editorial change in (a). Extensive revisions to rest of rule to clarify the differences in procedure between items listed as paid and items listed as to be paid. Committee notes revised.
Statutory Reference
[NO CHANGE]
Rule References
[NO CHANGE]
*1182 RULE 5.530. SUMMARY ADMINISTRATION
(a) Petition. The petition shall be verified as required by law and shall contain the statements required by law and the following:
(1) Facts showing that the petitioners are entitled to summary administration.
(2) A schedule of all assets required by law to be listed and the estimated value of each, separately designating protected homestead and exempt property.
(3) One of the following shall be included:
(1) a statement of the interest of each petitioner, each petitioner's name and address, and the name and office address of each petitioner's attorney;
(2) the name, last known address, social security number, and date and place of death of the decedent, and the state and county of the decedent's domicile;
(3) so far as is known, the names and addresses of the surviving spouse, if any, and the beneficiaries and their relationship to the decedent and the date of birth of any who are minors;
(4) a statement showing venue;
(5) a statement whether domiciliary or principal proceedings are pending in another state or country, if known, and the name and address of the foreign personal representative and the court issuing letters;
(6) a statement that the decedent's will, if any, does not direct administration as required by chapter 733, Florida Statutes;
(7) a statement that the value of the entire estate subject to administration in this state, less the value of property exempt from the claims of creditors, does not exceed $75,000 or that the decedent has been dead for more than 2 years;
(8) a description of all assets in the estate and the estimated value of each, and a separate description of any protected homestead and exempt property;
(9) a statement either that all creditors' claims are barred or that a diligent search and reasonable inquiry for any known or reasonably ascertainable creditors has been made and one of the following:
(A) A statement that the estate is not indebted.
(B) A statement that all creditors' claims are barred.
(C)(B) A statement that the petitioners have made diligent search and reasonable inquiry for any known or reasonably ascertainable creditors, the The name and address of each creditor, the nature of the debt, the amount of the debt and whether the amount is estimated or exact, and when the debt is due. If provision for payment of the debt has been made other than for full payment in the proposed order of distribution, the following information shall be shown:
(i) The name of the person who will pay the debt.
(ii) The creditor's written consent for substitution or assumption of the debt by another person.
(iii) The amount to be paid if the debt has been compromised.
(iv) If the debt is to be paid in other than 1 lump sum or as directed by court order, the time and method of payment. The terms for payment and any limitations on the liability of the person paying the debt;
(10) in an intestate estate, a statement that after the exercise of reasonable diligence each petitioner is unaware of any unrevoked wills or codicils;
*1183 (11) in a testate estate, a statement identifying all unrevoked wills and codicils being presented for probate, and a statement that each petitioner is unaware of any other unrevoked will or codicil; and
(4)(12)A a schedule of proposed distribution of all probate assets and the person to whom each asset is to be distributed.
(b) Service. The joinder in, or consent to, a petition for summary administration is not required of a beneficiary who will receive full distributive share under the proposed distribution. Any beneficiary and any known or reasonably ascertainable creditor not joining or consenting shall receive formal notice of the petition.
(b)(c) Testate Estate. In a testate estate, on the filing of the petition for summary administration, the decedent's will shall be proved and admitted to probate.
(c)(d) Order. If the court determines that the decedent's estate qualifies for summary administration, it shall enter an order distributing the probate assets and specifically designating the person to whom each asset is to be distributed.

Committee Notes

[NO CHANGE]
Rule History
1977 Revision: Changes to conform to 1975 statutory revision. Established the requirements of a petition for summary administration and provided for the hearing thereon and the entry of the order of distribution of the assets.
1984 Revision: Extensive revisions and editorial changes. Committee notes revised.
1988 Revision: Editorial change in caption of (a). Committee notes revised.
1992 Revision: Editorial changes. Committee notes revised. Citation form changes in committee notes.
2002 Revision: Replaces "homestead" with "protected homestead" in (a)(2) to conform to addition of term in section 731.201(29), Florida Statutes. Committee notes revised.
2003 Revision: Committee notes revised.
2005 Revision: Subdivision (a)(3) amended to include requirements of section 735.206(2), Florida Statutes.
2007 Revision: Rule substantially rewritten to require petition to include essentially the same information required to be stated in a petition for administration and to require the petitioners to specify facts showing they are entitled to summary administration. New subdivision (b) added to provide for formal notice of the petition, and subsequent subdivisions relettered.
Statutory References
[NO CHANGE]
Rule References
[NO CHANGE]
RULE 5.645 MANAGEMENT OF PROPERTY OF NONRESIDENT WARD BY FOREIGN GUARDIAN
(a) Petition. A guardian of the property of a nonresident ward, duly appointed by a court of another state, territory, or country, who desires to manage any part or all of the property of the ward located in this state, may file a verified petition for authority to manage the property. The petition shall state:
(1) the circumstances of the guardian's appointment;
(2) a description of the property and its estimated value; and
(3) the indebtedness, if any, existing against the ward in this state.
*1184 (b) Designation of Resident Agent. The guardian shall designate a resident agent as required by these rules.
(c) Oath. The guardian shall file an oath as required by these rules.
(d) Filing of Authenticated Copies. The guardian shall file authenticated copies of:
(1) letters of guardianship or other authority to act as guardian; and
(2) bond or other security, if any.
(e) Order. The court shall determine if the foreign bond or other security is sufficient to guarantee the faithful management of the ward's property in this state. The court may require a new guardian's bond in this state in an amount it deems necessary. The order shall authorize the guardian to manage the property and shall specifically describe the property.

Committee Notes
Rule History
2007 Revision: New rule.
Statutory References
§ 744.306, Fla. Stat. Foreign guardians.
§ 744.307, Fla. Stat. Foreign guardian may manage the property of nonresident ward.
Rule References
Fla. Prob. R. 5.110 Address designation for personal representative or guardian; designation of resident agent and acceptance.
Fla. Prob. R. 5.600 Oath.
RULE 5.650. RESIGNATION OR DISQUALIFICATION OF GUARDIAN; APPOINTMENT OF SUCCESSOR
(a)-(h) [NO CHANGE]
(i) Waiver. The successor guardian, and any other interested person, may in writing waive:
(1) any portion of the resignation and petition for discharge, including the final report;
(2) the time for filing objections;
(3) service of the resignation and petition for discharge; and
(4) service of the notice of resignation and petition for discharge.
(j)(i) Disqualification. Any guardian who is improperly appointed, or who becomes disqualified to act after appointment, shall immediately file a resignation and petition for discharge and proceed in accordance with this rule.
(k)(j) Nonresident Guardians. Nonresident guardians appointed before October 1, 1989, shall not be automatically disqualified to serve and shall not be required to resign and initiate their own removal.

Committee Notes
Rule History
1975 Revision: Substantially the same as sections 744.467 and 744.471, Florida Statutes, with editorial changes.
1977 Revision: No change in rule. Change in committee note to conform to statutory renumbering.
1988 Revision: Editorial changes in (a). Text of rule 5.590 inserted in (b). Editorial change in (c). Captions added to subdivisions. Committee notes revised. Citation form changes in committee notes.
1989 Revision: Prior rule deleted and replaced by temporary emergency rule.
1991 Revision: Substantial revision of entire rule to harmonize with procedure for termination of guardianship under rules 5.670 and 5.680. Subdivision (k) transferred from temporary emergency rule 5.800.
1992 Revision: Committee notes revised. Citation form changes in committee notes.
*1185 2007 Revision: Subdivision (i) deleted because right of waiver is substantive. Subsequent subdivisions relettered.
Statutory References
[NO CHANGE]
Rule References
[NO CHANGE]
RULE 5.670. TERMINATION OF GUARDIANSHIP ON CHANGE OF DOMICILE OF RESIDENT WARD
(a)-(h) [NO CHANGE]
(i) Waiver. The foreign guardian, and any other interested person, may in writing waive:
(1) any portion of the petition for discharge, including the final report;
(2) the time for filing objections;
(3) service of the petition for discharge; and
(4) service of the notice of petition for discharge.

Committee Notes
Rule History
1977 Revision: Change in committee notes to conform to statutory renumbering.
1984 Revision: Adds 30-day requirement for filing objections. Editorial changes and committee notes revised.
1988 Revision: Editorial change in (c). First and last sentences of (d) deleted and clarifying word added.
1989 Revision: Prior rule adopted as temporary emergency rule.
1991 Revision: Substantial revision of entire rule to harmonize with procedure for discharge of guardian under rule 5.680 and to conform to section 744.524, Florida Statutes.
1992 Revision: Committee notes revised. Citation form changes in committee notes.
2007 Revision: Subdivision (i) deleted because right of waiver is substantive. Committee notes revised.
Statutory References
§ 744.102(7),(8),(9), Fla. Stat. Definitions.
§ 744.201, Fla. Stat. Domicile of ward.
§ 744.202, Fla. Stat. Venue.
§ 744.2025, Fla. Stat. Change of ward's residence.
§ 744.524, Fla. Stat. Termination of guardianship on change of domicile of resident ward.
§ 744.531, Fla. Stat. Order of discharge.
Rule References
[NO CHANGE]
RULE 5.697. MAGISTRATES' REVIEW OF GUARDIANSHIP INVENTORIES, ACCOUNTINGS, AND PLANS
(a) General Magistrates. The court may appoint general magistrates to review guardianship inventories, accountings, and plans. General magistrates shall be members of The Florida Bar and shall continue in office until removed by the court. The order appointing a general magistrate shall be recorded. Each general magistrate shall take the oath required of officers of the court by the Florida Constitution. The oath shall be recorded before the magistrate begins to act.
(b) Special Magistrates. In connection with the court's review of guardianship inventories, accountings, and plans, the court may appoint members of The Florida Bar as special magistrates for any particular service required by the court. Special magistrates shall be governed by all laws and rules relating to general magistrates except special magistrates shall not be required to take an oath unless specifically *1186 required by the court. For good cause shown, the court may appoint a person other than a member of The Florida Bar as a special magistrate.
(c)-(d) [NO CHANGE]
(e) Magistrate's Report. The magistrate's report shall contain a description of the matters considered and the magistrate's conclusions and any recommendations. No part of any statement of facts, account, charge, deposition, examination, or answer used before the magistrate shall be recited. The magistrate shall be required to file a report only if a hearing is held pursuant to subdivision (d) of this rule or if specifically directed to do so by the court.
(f) Filing Report; Service; Exceptions. The magistrate shall file a report with the court and serve copies on the parties. The parties may serve exceptions to the report within 10 days from the date the report is served on them. If no exceptions are timely filed, the court shall take appropriate action on the report. All timely filed exceptions may shall be heard by the court on reasonable notice by any party.

Committee Notes
Rule History
1991 Revision: This is a new rule, patterned after Florida Rule of Civil Procedure 1.490.
1992 Revision: Editorial change. Citation form change in committee notes.
2004 Revision: Change in nomenclature from "master" to "magistrate" to track similar change in the Florida Statutes.
2007 Revision: Title of rule and subdivisions (a) and (b) amended to include inventories. "Shall" substituted for "may" in last sentence of subdivision (f). Committee notes revised.
Statutory Reference
[NO CHANGE]
Rule References
Fla. Prob. R. 5.095 General and special magistrates.
Fla. R. Civ. P. 1.490 Magistrates.
RULE 5.710 REPORTS OF PUBLIC GUARDIAN
The public guardian, as the guardian of a ward, shall submit reports as required by law to the chief judge of the circuit and file a copy.file:
(a) an initial report as required by law;
(b) annual guardianship reports, which shall include the dates of quarterly visits to the ward, as required by law;
(c) a report within 6 months of his or her appointment as guardian of a ward, which shall also be filed with the executive director of the Statewide Public Guardianship Office, stating:
(1) the public guardian's efforts to locate a family member or friend, other person, bank, or corporation to act as guardian of the ward; and
(2) the ward's potential to be restored to capacity;
(d) an annual report, filed with the Statewide Public Guardianship Office, by September 1 for the preceding fiscal year, on the operations of the office of public guardian; and
(e) a report of an independent audit by a qualified certified public accountant, file with the Statewide Public Guardianship Office every 2 years.

Committee Notes
Rule History
1987 Revision: This is a new rule and was promulgated to establish procedures to accommodate the Public Guardian Act. *1187 See § 744.701, et seq., Fla. Stat. See also Fla. Prob. R. 5.560.
1989 Revision: Prior rule adopted as temporary emergency rule.
1991 Revision: Editorial changes.
1992 Revision: Citation form changes in committee notes.
2007 Revision: Rule extensively amended to specify reports a public guardian is required to file.
Statutory Reference
[NO CHANGE]
Rule Reference
[NO CHANGE]