# Supreme Court of Florida

_____

No. SC19-164

_____

**IN RE: AMENDMENTS TO THE FLORIDA PROBATE RULES—2019 REGULAR-CYCLE REPORT.**

December 19, 2019
**<u>REVISED OPINION</u>**

PER CURIAM.

The opinion dated November 14, 2019, is withdrawn, and the following revised opinion is substituted in its place.[1]

We have for consideration the regular-cycle report of proposed amendments to the Florida Probate Rules (Probate Rules), filed by the Florida Probate Rules Committee (Committee). *See* Fla. R. Jud. Admin. 2.140(b). We have jurisdiction. *See* art. V, § 2(a), Fla. Const.

---

1. We issue this revised opinion in response to the motion for rehearing filed by the Florida Probate Rules Committee, requesting that the Court revise the amendment to rule 5.040(a)(3)(D) (Notice), which the Court grants.

# BACKGROUND

The Committee proposes amendments to rules 5.020 (Pleadings; Verification; Motions), 5.040 (Notice), 5.200 (Petition for Administration), 5.240 (Notice of Administration), 5.241 (Notice to Creditors), 5.275 (Burden of Proof in Will Contests), 5.320 (Oath of Personal Representative), 5.360 (Elective Share), 5.407 (Proceedings to Determine Family Allowance), 5.470 (Ancillary Administration), 5.490 (Form and Manner of Presenting Claim), 5.499 (Form and Manner of Objecting to Personal Representative's Proof of Claim), 5.636 (Settlement of Minors' Claims), 5.649 (Guardian Advocate), 5.681 (Restoration of Rights of Person with Developmental Disability), 5.695 (Annual Guardianship Report), and 5.900 (Expedited Judicial Intervention Concerning Medical Treatment Procedures). The Board of Governors of The Florida Bar unanimously approved the proposals.

The Committee published the proposals in *The Florida Bar News* before filing them with the Court. No comments were received by the Committee. Following publication, for efficiency, the Committee decided to include amendments to two additional rules, which were published in a later edition of *The Florida Bar News*. After the Committee's report was filed, the Court published the amendments for comment. The Court received no comments.

We have fully considered the Committee's proposed amendments. As discussed in this opinion, we adopt the amendments as proposed, with three exceptions: (1) we have revised the Committee's proposal to amend rule 5.040 (Notice); (2) we have revised the Committee's proposal to amend rule 5.636 (Settlement of Minors' Claims); and (3) we have not adopted the proposed amendment to rule 5.499 (Form and Manner of Objecting to Personal Representative's Proof of Claim) that would have removed the timeframe within which an objection is to be served on a claimant. The Committee explained that it was removing the service deadline because that deadline is not contained within section 733.705, Florida Statutes. That statute sets forth the deadline for filing an objection to a claim and then provides that "the person filing it shall serve a copy of the objection as provided by the Florida Probate Rules." § 733.705(2), Fla. Stat. (2019). We see no reason why an appropriate timeframe for service should not be set forth in the governing procedural rule. Providing an appropriate time for service of legal documents is consistent with notions of procedural due process and the efficient administration of justice.

We discuss the more significant amendments to the Probate Rules below.

**AMENDMENTS**

The amendment to rule 5.020 (Pleadings; Verification; Motions) changes the deadline for service of a motion for rehearing from ten days to fifteen days after the date of filing of the order or judgment.

New subdivision (a)(3)(D) is added to rule 5.040 (Notice). This new subdivision provides for service by first-class mail when only in rem or quasi in rem relief is sought under certain circumstances. However, we have also revised subdivision (a)(4)(F) by deleting the phrase "at its registered office in Florida or its principal business office in Florida or, if neither is known after reasonable inquiry, at its last known address" and in its place, adding the phrase "as provided in chapter 48, Florida Statutes." Also, we revised subdivision (a)(5) to include completion of service under subdivisions (a)(3)(B) and (C).

Rule 5.200 (Petition for Administration) is amended as proposed, to require the person seeking appointment as the personal representative to indicate whether any other person has equal or higher preference under section 733.301, Florida Statutes, and if so, the person's name and whether the person will be served with formal notice. Additionally, the rule is amended to add a new subdivision (k) to require a statement that the personal representative is qualified to serve under the laws of Florida as a business entity under section 733.305, Florida Statutes, or as an individual under sections 733.303 and 733.304, Florida Statutes.

Rule 5.275 (Burden of Proof in Will Contests) is amended to correspond to legislative changes in section 733.107, Florida Statutes. Specifically, we add a new subdivision (b), which states that where the presumption of undue influence applies, the presumption shifts the burden of proof under sections 90.301-90.304, Florida Statutes.

Finally, rule 5.636 (Settlement of Minors' Claims) is amended as the Committee proposes by adding the phrase "equals or" before the phrase "exceeds $50,000" in subdivisions (d) and (e). Additionally, we have added the phrase "equal or" before the phrase "exceed $50,000" in subdivision (e).

## CONCLUSION

Accordingly, we amend the Florida Probate Rules as reflected in the appendix to this opinion. New language is indicated by underlining, and deletions are indicated by struck-through type. The committee notes are offered for explanation only and are not adopted as an official part of the rules. The amendments shall become effective January 1, 2020, at 12:01 a.m.

It is so ordered.

CANADY, C.J., and POLSTON, LABARGA, LAWSON, and MUÑIZ, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – The Florida Probate Rules Committee

Jeffrey Scott Goethe, Chair, Florida Probate Rules Committee, Bradenton, Florida, and Theodore Stanley Kypreos, Past Co-Chair, Florida Probate Rules Committee, West Palm Beach, Florida, and Cristina Papanikos, Past Co-Chair, Florida Probate Rules Committee, Miami, Florida; and Joshua E. Doyle, Executive Director, and Krys Godwin, Staff Liaison, The Florida Bar, Tallahassee, Florida,

for Petitioner

**RULE 5.020.     PLEADINGS; VERIFICATION; MOTIONS**

**(a) – (c)     [No Change]**

**(d)     Rehearing.** A motion for rehearing of any order or judgment shall be served not later than ~~10~~15 days after the date of filing the order or judgment with the clerk as shown on the face of the order or judgment.

**(e)     [No Change]**

### Committee Notes

The time for determining when a motion for rehearing must be served has been clarified in view of ~~Casto v. Casto~~*Casto v. Casto*, 404 So. 2d 1046 (Fla. 1981).

### Rule History

1977 Revision – 2010 Revision         [No Change]

2019 Revision: Subdivision (d) amended to change the deadline for service of a motion for rehearing from 10 to 15 days after the specified event to conform to 2013 amendments to the Florida Rule of Civil Procedure 1.530. Committee notes revised.

### Statutory References

[No Change]

### Rule References

Fla. Prob. R. 5.025 Adversary proceedings.

Fla. Prob. R. 5.200 Petition for administration.

Fla. Prob. R. 5.205(b) Filing evidence of death.

Fla. Prob. R. 5.320 Oath of personal representative.

Fla. Prob. R. 5.330 Execution by personal representative.

Fla. Prob. R. 5.350 Continuance of unincorporated business or venture.

Fla. Prob. R. 5.370(a) Sales of real property where no power conferred.

Fla. Prob. R. 5.405(b) Proceedings to determine homestead real property.

Fla. Prob. R. 5.530 Summary administration.

Fla. Prob. R. 5.550 Petition to determine incapacity.

Fla. Prob. R. 5.560 Petition for appointment of guardian of an incapacitated person.

Fla. Prob. R. 5.600 Oath.

Fla. Prob. R. 5.649 Guardian advocate.

Fla. R. Civ. P. 1.530 Motions for new trial and rehearing; amendments of judgment.


## RULE 5.040.    NOTICE

**(a)    Formal Notice.**

**(1)    Procedure for Formal Notice.** When formal notice is given, a copy of the pleading or motion shall be served-on interested persons, together with a notice requiring the person served to serve written defenses on the person giving notice within 20 days after service of the notice, exclusive of the day of service, and to file the original of the written defenses with the clerk of the court either before service or immediately thereafter, and notifying the person served that failure to serve written defenses as required may result in a judgment or order for the relief demanded in the pleading or motion, without further notice.

**(2)    Effect of Service of Formal Notice.** After service of formal notice, informal notice of any hearing on the pleading or motion shall be served on interested persons, provided that if no written defense is served within 20 days after service of formal notice on an interested person, the pleading or motion may be considered ex parte as to that person, unless the court orders otherwise.

**(3)** <u>Manner of Service of Formal Notice.</u> Formal notice shall be served <u>in the following manner</u>:

(A) by sending a copy by any commercial delivery service requiring a signed receipt or by any form of mail requiring a signed receipt ~~as follows:~~<u>;</u>

~~(i) to the attorney representing an interested person; or~~

~~(ii) to an interested person who has filed a request for notice at the address given in the request for notice; or~~

~~(iii) to an incapacitated person or a person with a developmental disability to the person's usual place of abode and to the person's legal guardian, if any, at the guardian's usual place of abode or regular place of business; or, if there is no legal guardian, to the incapacitated person or person with a developmental disability at the person's usual place of abode and on the person, if any, having care or custody of the incapacitated person or person with a developmental disability at the usual place of abode or regular place of business of such custodian; or~~

~~(iv) to a minor whose disabilities of nonage are not removed, by serving the persons designated to accept service of process on a minor under chapter 48, Florida Statutes; or~~

~~(v) on any other individual to the individual's usual place of abode or to the place where the individual regularly conducts business; or~~

~~(vi) on a corporation or other business entity to its registered office in Florida or its principal business office in Florida or, if neither is known after reasonable inquiry, to its last known address; or~~

(B) as provided in the Florida Rules of Civil Procedure for service of process;~~ or~~

(C) as otherwise provided by Florida law for service of process~~.~~<u>; or</u>

~~(4) Service of formal notice pursuant to subdivision (a)(3)(A) shall be complete on receipt of the notice. Proof of service shall be by verified statement~~

of the person giving the notice; and there shall be attached to the verified statement the signed receipt or other evidence satisfactory to the court that delivery was made to the addressee or the addressee's agent.

(5) If service of process is made pursuant to Florida law, proof of service shall be made as provided therein.

(D) by first-class mail when only in rem or quasi in rem relief is sought against a person if:

(i) registered or certified mail service to the addressee requiring a signed receipt is unavailable and if delivery by commercial delivery service requiring a signed receipt is also unavailable;

(ii) delivery pursuant to subdivision (a)(3)(A) is attempted and is refused by the addressee; or

(iii) delivery pursuant to subdivision (a)(3)(A) is attempted and is unclaimed after notice to the addressee by the delivering entity.

**(4)     Persons to be Served.** Service of formal notice under (a)(3)(A) and (a)(3)(D) shall be made on the following:

(A) service on an interested person represented by an attorney shall be made by delivery to the attorney at his or her regular place of business;

(B) service on an interested person who has filed a request for notice shall be made by delivery to such interested person at the address given in the request for notice;

(C) service on an incapacitated person or a person with a developmental disability shall be made by delivery:

(i) to such person at his or her usual place of abode; and

(ii) to such person's legal guardian at the legal guardian's usual place of abode or regular place of business or, if such person does not have a legal guardian, to the person having care or custody of such person at his or her usual place of abode or regular place of business;

(D)     service on a minor whose disabilities of nonage are not removed shall be made by delivery to the persons designated to accept service of process on a minor under chapter 48, Florida Statutes, at their usual place of abode or regular place of business;

(E)     service on any other individual shall be made by delivery to such individual at his or her usual place of abode or to any person authorized to receive service of a summons on behalf of the individual as provided in chapter 48, Florida Statutes; or

(F)     service on a corporation or other business entity shall be made by delivery to such corporation or other business entity as provided in chapter 48, Florida Statutes.

**(5)     Completion of Service.** Service of formal notice pursuant to subdivision (a)(3)(A) shall be complete upon receipt by the person to whom delivery is made. Service of formal notice pursuant to subdivision (a)(3)(B) shall be complete as provided in the Florida Rules of Civil Procedure for service of process. Service of formal notice pursuant to subdivision (a)(3)(C) shall be complete as provided by Florida law for service of process. Service of formal notice pursuant to subdivision (a)(3)(D) shall be complete upon mailing.

**(6)     Proof of Service.** Proof of service shall be by verified statement of the person serving formal notice and there shall be attached to the verified statement the receipt signed by the person to whom delivery was made or other evidence satisfactory to the court that delivery was made. Alternatively, if service is obtained pursuant to subdivision (a)(3)(D), the verified statement must state the basis for service by first-class mail, the date of mailing, and the address to which the first-class mail was sent.  Proof of service pursuant to subdivisions (a)(3)(B) or (a)(3)(C) shall be made as provided by Florida law for service of process.

**(b) – (d)     [No Change]**

**(e)     In the Manner Provided for Service of Formal Notice.** If a document is served in the manner provided for service of formal notice, service is completed on receipt of the document, and proof of service shall be in the manner set forth in subdivision (a)(4<u>6</u>).

**Committee Notes**

Formal notice is the method of service used in probate proceedings and the method of service of process for obtaining jurisdiction over the person receiving the notice. "The manner provided for service of formal notice" is as provided in rule 5.040(a)(3).

Informal notice is the method of service of notice given to interested persons entitled to notice when formal notice is not given or required.

Reference in this rule to the terms "mail" or "mailing" refers to use of the United States Postal Service.

**Rule History**

1975 Revision – 2006 Revision          [No Change]

2007 Revision: New subdivision (a)(3)(A)(iv) inserted in response to *Cason ex rel. Saferight v. Hammock*, 908 So. 2d 512 (Fla. 5th DCA 2005), and subsequent subdivisions renumbered accordingly. Committee notes revised.

2008 Revision – 2016 Revision          [No Change]

2019 Revision: Subdivision (a) reformatted for easier reading and corrected syntax. Subdivision (a)(3)(D) amended to provide for service by first-class mail when only in rem or quasi in rem relief is sought under certain circumstances. Committee notes revised.

**Statutory References**

[No Change]

**Rule References**

[No Change]

**RULE 5.200.          PETITION FOR ADMINISTRATION**

The petition for administration shall be verified by the petitioner and shall contain:

(a) – (d)     [No Change]

(e)     the priority, under ~~the Florida Probate Code~~section 733.301, Florida Statutes, of the person whose appointment as the personal representative is sought, whether or not any other person has equal or higher preference, and if so, their name and whether they will be served with formal notice, and a statement that the person is qualified to serve under the laws of Florida;

(f) – (h)     [No Change]

(i)     in a testate estate, a statement identifying all unrevoked wills and codicils being presented for probate, and a statement that the petitioner is unaware of any other unrevoked wills or codicils or, if the petitioner is aware of any other unrevoked wills or codicils, a statement why the other wills or codicils are not being probated; ~~and~~

(j)     in a testate estate, a statement that the original of the decedent's last will is in the possession of the court or accompanies the petition, or that an authenticated copy of a will deposited with or probated in another jurisdiction or that an authenticated copy of a notarial will, the original of which is in the possession of a foreign notary, accompanies the petition~~.~~; and

(k)     a statement that the personal representative seeking appointment is qualified to serve under the laws of Florida as a business entity under section 733.305, Florida Statutes, or, if an individual, that the person is qualified to serve under the laws of Florida, including:

(1)     whether the person has been convicted of a felony;

(2)     that the person is mentally and physically able to perform the duties of a personal representative;

(3)     that the person is 18 years of age or older; and

(4)     whether the person is a resident of Florida and, if not a resident, a statement of the person's relationship to the decedent in accordance with section 733.304, Florida Statutes.

**Committee Notes**

**Rule History**

- 13 -

1977 Revision – 2014 Revision          [No Change]

2019 Revision: Subdivision (e) amended to require a statement identifying any other person who has equal or higher preference than the petitioner for the appointment of a personal representative under section 733.301, Florida Statutes. Subdivision (k) adopted to require a statement of the specific facts that show the petitioner's qualifications to serve as personal representative under sections 733.303 and 733.304, Florida Statutes.

**Statutory References**

[No Change]

**Rule References**

[No Change]

## RULE 5.240.          NOTICE OF ADMINISTRATION

**(a)**     **[No Change]**

**(b)**     **Contents.** The notice shall state:

(1)     the name of the decedent, the file number of the estate, the designation and address of the court in which the proceedings are pending, whether the estate is testate or intestate, and, if testate, the date of the will and any codicils;

(2)     the name and address of the personal representative and the name and address of the personal representative's attorney, and that the fiduciary lawyer-client privilege in section 90.5021, Florida Statutes, applies with respect to the personal representative and any attorney employed by the personal representative;

(3)     that any interested person on whom a copy of the notice of administration is served must file, on or before the date ~~which~~that is 3 months after the date of service of a copy of the notice of administration on that ~~interested~~ person~~,~~ any objection that challenges the validity of the will, the venue, or the jurisdiction of the court ~~or those objections are forever barred~~. The 3-month time period may only be extended for estoppel based upon a misstatement by the personal representative regarding the time period within which an objection must

be filed. The time period may not be extended for any other reason, including affirmative representation, failure to disclose information, or misconduct by the personal representative or any other person. Unless sooner barred by section 733.212(3), Florida Statutes, all objections to the validity of a will, venue, or the jurisdiction of the court must be filed no later than the earlier of the entry of an order of final discharge of the personal representative, or 1 year after service of the notice of administration;

(4) ~~that any person entitled to exempt property must file a petition for determination of exempt property within the time provided by law or the right to exempt property is deemed waived;~~the persons who may be entitled to exempt property under section 732.402, Florida Statutes, will be deemed to have waived their rights to claim that property as exempt property unless a petition for determination of exempt property is filed by such persons or on their behalf on or before the later of the date that is 4 months after the date of service of a copy of the notice of administration on such persons or the date that is 40 days after the date of termination of any proceedings involving the construction, admission to probate, or validity of the will or involving any other matter affecting any part of the exempt property; and

(5) that an election to take an elective share must be filed ~~within the time provided by law~~on or before the earlier of the date that is 6 months after the date of service of a copy of the notice of administration on the surviving spouse, an agent under chapter 709, Florida Statutes, or a guardian of the property of the surviving spouse; or the date that is 2 years after the date of the decedent's death.

**(c) – (e)      [No Change]**

**Committee Notes**

**Rule History**

1977 Revision – 2015 Revision          [No Change]

2019 Revision: For clarity purposes, subdivisions (b)(2), (b)(3), (b)(4), and (b)(5) amended for consistency with section 733.212, Florida Statutes, relating to the contents of a notice of administration. Subdivision (b)(5) amended to replace the term "attorney-in-fact" with "agent" to reflect 2011 enactment of section 709.2102(1), Florida Statutes.

**Statutory References**

§ 709.2102(1), Fla. Stat. Definitions.

§ 731.201(23), Fla. Stat. General definitions.

§ 731.301, Fla. Stat. Notice.

§ 731.302, Fla. Stat. Waiver and consent by interested person.

§ 732.2135, Fla. Stat. Time of election; extensions; withdrawal.

§ 732.402, Fla. Stat. Exempt property.

§ 732.5165, Fla. Stat. Effect of fraud, duress, mistake, and undue influence.

§ 733.101, Fla. Stat. Venue of probate proceedings.

§ 733.109, Fla. Stat. Revocation of probate.

§ 733.212, Fla. Stat. Notice of administration; filing of objections.

§ 733.2123, Fla. Stat. Adjudication before issuance of letters.

§ 733.302, Fla. Stat. Who may be appointed personal representative.

§ 733.303, Fla. Stat. Persons not qualified.

§ 733.305, Fla. Stat. Trust companies and other corporations and associations.

§ 733.504, Fla. Stat. Removal of personal representative; causes for removal.

§ 733.506, Fla. Stat. Proceedings for removal.

**Rule References**

[No Change]


**RULE 5.241.      NOTICE TO CREDITORS**

**(a) – (d)      [No Change]**

**(e)** **Service of Death Certificate.** If service of the notice on the Agency for Health Care Administration is required, it shall be accompanied by a <u>copy of the </u>death certificate.

**Committee Notes**

[No Change]

**Rule History**

2002 Revision – 2007 Revision        [No Change]

<u>2019 Revision: Subdivision (e) amended to clarify that a copy of a death certificate suffices.</u>

**Statutory References**

[No Change]

**Rule Reference**

[No Change]

## RULE 5.275.        BURDEN OF PROOF IN WILL CONTESTS

<u>(a)</u>        In all proceedings contesting the validity of a will, the burden shall be upon the proponent of the will to establish prima facie its formal execution and attestation. Thereafter, the contestant shall have the burden of establishing the grounds on which the probate of the will is opposed or revocation sought.

<u>(b)        In any transaction or event to which the presumption of undue influence applies, the presumption shifts the burden of proof under sections 90.301–90.304, Florida Statutes.</u>

**Committee Notes**

This rule ~~represents a rule implementation of~~<u>implements</u> the procedure found in section 733.107, Florida Statutes~~. The presumption of undue influence implements~~<u>, and the </u>public policy against abuse of fiduciary or confidential relationships ~~and is therefore a presumption shifting the burden of proof under sections 90.301–90.304, Florida Statutes~~.

[No Change]

**Rule History**

1988 Revision – 2003 Revision        [No Change]

2019 Revision: Adopts subdivision (b) and revises the committee note to reflect that change.

**Statutory References**

[No Change]


## RULE 5.320.        OATH OF PERSONAL REPRESENTATIVE

Before the granting of letters of administration, the personal representative shall file an oath to faithfully administer the estate of the decedent. The oath shall also contain a statement that the personal representative has reviewed the statutes relating to the requirements for appointment as personal representative, that the personal representative is qualified to serve, and that the personal representative has a continuing duty to file and serve a notice upon the occurrence of an event that would disqualify the personal representative. If the petition is verified by the prospective personal representative individually, the oath may be incorporated in the petition or in the designation of resident agent. The oath shall substantially comply with the following form:

[CAPTION]
OATH OF PERSONAL REPRESENTATIVE

STATE OF _____
COUNTY OF _____
  I, _____, (Affiant), state under oath that:

  1. I am qualified within the provisions of sections 733.302, 733.303, and 733.304, Florida Statutes, to serve as personal representative of the estate of _____, deceased. I have reviewed the statutes and understand the qualifications. Under penalties of perjury, I certify that the following statements are true:

    a. I am 18 years of age or older.

    b. I have never been convicted of a felony.

c.    I am mentally and physically able to perform the duties of personal representative.

d.    I am a resident of the State of Florida, or, if I am not a resident of the State of Florida, I am:

_____ a legally adopted child or adoptive parent of the decedent;

_____ related by lineal consanguinity to the decedent; a spouse or a brother, sister, uncle, aunt, nephew, or niece of the decedent, or someone related by lineal consanguinity to any such person; or

_____ the spouse of a person otherwise qualified under one of the provisions above.

2.    I will faithfully administer the estate of the decedent according to law.

3.    My place of residence is _____, and my post office address is _____:

4.    I will promptly file and serve a notice on all interested persons at any time I know that I would not be qualified for appointment and will include the reason I would not then be qualified and the date on which the disqualifying event occurred.

5.    I will file and serve a notice within 20 days on all interested persons, in the event there is a change in my residence address, street address, or mailing address.

_____
Affiant

Sworn to and subscribed to before me on _____, _____, by Affiant, who is personally known to me _____ or who has produced _____ as identification.

Notary Public State of _____
My Commission Expires: _____
My Commission Number is: _____
(Affix Notarial Seal)

## Committee Notes

[No Change]

## Rule History

1977 Revision – 2003 Revision        [No Changes]

2019 Revision: Amended the rule to conform the oath to statutory changes and to provide a proposed form for the oath of personal representative. The oath is expanded to address the qualifications and continuing duties of the personal representative.

**Statutory References**

733.302, Fla. Stat. Who may be appointed personal representative

733.303, Fla. Stat. Persons not qualified

733.304, Fla. Stat. Nonresidents

733.3101, Fla. Stat. Personal representative not qualified

**Rule References**

[No Changes]

RULE 5.360.     ELECTIVE SHARE

(a)     **Election.** An election to take the elective share may be filed by the surviving spouse, or on behalf of the surviving spouse by an ~~attorney-in-fact~~agent or guardian of the property of the surviving spouse.

(1)     **[No Change]**

(2)     **Election by ~~Attorney-in-Fact~~Agent or Guardian of the Property of Surviving Spouse.**

(A)     **Petition for Approval.** Before filing the election, the ~~attorney-in-fact~~agent or guardian of the property of the surviving spouse must petition the court having jurisdiction of the probate proceeding for approval to make the election. The petition for approval must allege the authority to act on behalf of the surviving spouse and facts supporting the election.

(B) – (C)     **[No Change]**

(D)     **Filing the Election.** Upon entry of an order authorizing the filing of an election, the ~~attorney-in-fact~~agent or guardian of the property must

file the election within the later of the time provided by law or 30 days from service of the order and promptly serve a copy of the election on the personal representative in the manner provided for service of formal notice.

**(b)** **Procedure for Election.**

**(1)** **Extension.** Within the period provided by law to make the election, the surviving spouse or an ~~attorney-in-fact~~agent or guardian of the property of the surviving spouse may petition the court for an extension of time for making an election or for approval to make the election. After notice and hearing the court for good cause shown may extend the time for election. If the court grants the petition for an extension, the election must be filed within the time allowed by the extension.

**(2)** **Withdrawal of Election.** The surviving spouse, an ~~attorney-in-fact~~agent, a guardian of the property of the surviving spouse, or the personal representative of the surviving spouse's estate may withdraw the election within the time provided by law.

**(3) – (4)** **[No Change]**

**(c)** **[No Change]**

**(d)** **Procedure to Determine Amount of Elective Share and Contribution.**

**(1)** **Petition by Personal Representative.** After entry of the order determining the surviving spouse's entitlement to the elective share, the personal representative must file and serve a petition to determine the amount of the elective share. The petition must:

(A) – (C)    [No Change]

**(2)** **[No Change]**

**(3)** **Petition by Spouse.** If the personal representative does not file the petition to determine the amount of the elective share within 90 days from rendition of the order of entitlement, the electing spouse or the ~~attorney-in-fact~~agent or the guardian of the property or personal representative of the electing spouse may file the petition specifying as particularly as is known the value of the elective share.

**(4) – (6)** **[No Change]**

**(e)** **[No Change]**

## Committee Notes

The extensive rewrite of this rule in 2001 is intended to conform it with and provide procedures to accommodate amendments to Florida's elective share statutes~,~. §§Sections 732.201 *et seq.*, Fl~orida.~orida Stat~utes~utes. Proceedings to determine entitlement to elective share are not specific adversary proceedings under rule 5.025(a), but may be declared adversary at the option of the party. Proceedings to determine the amount of elective share and contribution are specific adversary proceedings under rule 5.025(a). Requirements for service are intended to be consistent with the requirements for formal notice. Rule 5.040. Service of process may be required to obtain personal jurisdiction over direct recipients who are not otherwise interested persons and who have not voluntarily submitted themselves to the jurisdiction of the court. Rule 5.040(a)(3)(C); ch~.~apter 48, Fl~orida.~orida Stat~utes.~utes~,~, Process and Service of Process; ch~.~apter 49, Fl~orida.~orida Stat~utes.~utes~,~, Constructive Service of Process. An inventory of the elective estate should be afforded the same confidentiality as other estate inventories. §Section 733.604(1) and (2), Fl~orida.~orida Stat~utes~utes. In fulfilling his or her obligations under this rule, a personal representative is not required to make impractical or extended searches for property entering into the elective estate and the identities of direct recipients. Preexisting rights to dower and curtesy formerly addressed in subdivision (e) of this rule are now governed by new rule 5.365.

Counsel's attention is directed to Fl~orida.~orida Ethics Opinion 76-16, dated April 4, 1977, for guidance regarding the duties of an attorney with respect to spousal rights.

### Rule History

1984 Revision – 2010 Revision    [No Change]

2010 Out-of-Cycle Report Revision: Subdivision (a)(2) amended to conform to an amendment to §section 732.2125, Florida Statutes.

2012 Revision: Committee notes revised.

2019 Revision: Subdivisions (a), (a)(2), (a)(2)(A), (a)(2)(D), (b)(1), (b)(2), and (d)(3) amended to change "attorney-in-fact" to "agent" to be consistent with chapter 709, Florida Statutes. Committee note revised.

**Statutory References**

[No Change]

**Rule References**

[No Change]

**RULE 5.407     PROCEEDINGS TO DETERMINE FAMILY ALLOWANCE**

**(a) – (b)     [No Change]**

**(c)     Order.** The order shall identify ~~the persons~~each adult person's name and each minor child's initials entitled to the allowance, the amount to which each is entitled, the method of payment, and to whom payment should be made.

**Committee Notes**

**Rule History**

2003 Revision – 2014 Revision          [No Change]

2019 Revision: Subdivision (c) is revised to conform to Fla. R. Jud. Admin. 2.425. Committee notes revised.

**Statutory References**

[No Change]

**Rule References**

[No Change]

**RULE 5.470.     ANCILLARY ADMINISTRATION**

**(a)     Petition.** ~~The petition for ancillary letters shall include an authenticated copy of so much of the domiciliary proceedings as will show:~~The contents of the petition for ancillary letters shall be as provided in rule 5.200. The petition shall be verified and shall include:

- 23 -

(1)     for a testate estate, an authenticated copy of so much of the domiciliary proceedings as will show the will, petition for probate, order admitting the will to probate, and authority of the personal representative; or

(2)     for an intestate estate, an authenticated copy of so much of the domiciliary proceedings as will show the petition for administration, and authority of the personal representative to act.; or

(3)     if appointment of someone other than the domiciliary personal representative is requested, a statement of the facts constituting grounds on which appointment is sought.

**(b) – (c)     [No Change]**

## Committee Notes

### Rule History

1975 Revision – 2012 Revision          [No Change]

2019 Revision: Subdivision (a) amended to clarify the contents of a petition for ancillary letters. Committee notes revised.

### Statutory References

[No Change]

### Rule References

Fla. Prob. R. 5.020 Pleadings; verification; motions.

Fla. Prob. R. 5.040 Notice.

Fla. Prob. R. 5.041 Service of pleadings and documents.

Fla. Prob. R. 5.042 Time.

Fla. Prob. R. 5.065(b) Notice of civil action or ancillary administration.

Fla. Prob. R. 5.200 Petition for Administration.

Fla. Prob. R. 5.205(a)(2) Filing evidence of death.

Fla. Prob. R. 5.215 Authenticated copy of will.

Fla. Prob. R. 5.240 Notice of administration.

Fla. Prob. R. 5.241 Notice to creditors.

Fla. Prob. R. 5.475 Ancillary administration, short form.

Fed. R. Civ. P. 44(a) Proving an official record.

Fla. R. Jud. Admin. 2.516 Service of pleadings and documents.


**RULE 5.490.        FORM AND MANNER OF PRESENTING CLAIM**

(a)    **[No Change]**

(b)    ~~**Copy.** At the time of filing the claim, the creditor shall also furnish the clerk with a copy thereof.~~

(~~c~~<u>b</u>)    ~~**Mailing**~~<u>**Service.**</u> The clerk shall ~~mail~~<u>serve</u> a copy of <u>the</u> claim~~s~~ <u>as set forth in rule 5.041</u>, ~~noting the fact and date of mailing on the original,~~ to the attorney for the personal representative<u>,</u> unless all personal representatives file a notice directing that ~~copies of~~ claims be ~~mailed~~<u>served</u> ~~to~~<u>on</u> a designated personal representative or <u>designated</u> attorney of record. Absent designation, a copy of claim~~s~~ shall be ~~mailed~~<u>served</u> ~~to~~<u>on</u> the attorney for the personal representative named first in the letters of administration. <u>The clerk shall note the fact and date of service on the statement of claim pursuant to this rule.</u>

(~~d~~<u>c</u>)    **Validity of Claim.** Failure to deliver or receive a copy of the claim shall not affect the validity of the claim.

(~~e~~<u>d</u>)    **Amending Claims.** If a claim as filed is sufficient to notify interested persons of its substance but is otherwise defective as to form, the court may permit the claim to be amended at any time.

(~~f~~<u>e</u>)    **Service by Personal Representative.** If the personal representative files a claim individually, or in any other capacity creating a conflict of interest between the personal representative and any interested person, then at the time the claim is filed, the personal representative shall serve all interested persons with a

copy of the claim and notice of the right to object to the claim. The notice shall state that an interested person may object to a claim as provided by law and rule 5.496. Service shall be either by informal notice or in the manner provided for service of formal notice. Service on one interested person by a chosen method shall not preclude service on another interested person by another method.

## Committee Notes

Subdivision (ed) of this rule represents a rule implementation of the procedure found in section 733.704, Florida Statutes. It is not intended to change the effect of the statute from which it was derived but has been reformatted to conform with the structure of these rules. It is not intended to create a new procedure or modify an existing procedure.

### Rule History

1975 Revision – 2007 Revision        [No Change]

2019 Revisions. Deletes subdivision (b) to conform to the electronic filing rule. Subdivision (c) is renumbered to (b) and is amended to address the electronic service rules. Subdivisions (c)–(e) are renumbered accordingly. Committee notes revised.

### Statutory References

[No Change]

### Rule References

Fla. Prob. R. 5.020 Pleadings; verification; motions.

Fla. Prob. R. 5.241 Notice to creditors.

Fla. Prob. R. 5.470 Ancillary administration.

Fla. Prob. R. 5.475 Ancillary administration, short form.

Fla. Prob. R. 5.530 Summary administration.

Fla. R. Jud. Admin. 2.516 Service of Pleadings and Documents

Fla. R. Jud. Admin. 2.520 Documents

Fla. R. Jud. Admin. 2.525 Electronic Filing

**RULE 5.636.**      **SETTLEMENT OF MINORS' CLAIMS**

**(a) – (c)**      **[No Change]**

**(d)**      **Guardian Ad Litem.** The court shall appoint a guardian ad litem on behalf of a minor, without bond or notice, with respect to any proposed settlement that <u>equals or </u>exceeds $50,000 and affects the interests of the minor, if:

     (1) – (3)      [No Change]

**(e)**      **Valuation of Proposed Settlement.** A proposed settlement is deemed to <u>equal or </u>exceed $50,000 if the gross amount payable <u>equals or </u>exceeds $50,000, without reduction to reflect present value or fees and costs.

**(f)**      **[No Change]**

### Committee Notes

[No Change]

### Rule History

1992 Revision – 2014 Revision      [No Change]

<u>2019 Revision: Amends subdivisions (d) and (e) to eliminate inconsistency with section 744.3025, Florida Statutes. Committee notes revised.</u>

### Statutory References

[No Change]

### Rule References

[No Change]

**RULE 5.649.**      **GUARDIAN ADVOCATE**

**(a)**      **[No Change]**

**(b)    Notice.**

(1)    Notice of the filing of the petition must be given to the person with a developmental disability, both verbally and in writing, in the language of the person and in English. Notice must also be given to the person with a developmental disability's next of kin, any designated health care surrogate, an ~~attorney-in-fact~~agent designated in a durable power of attorney, and such other persons as the court may direct. A copy of the petition to appoint a guardian advocate must be served with the notice.

(2)    [No Change]

**(c)    [No Change]**

**(d)    Order.** If the court finds the person with a developmental disability requires the appointment of a guardian advocate, the order appointing the guardian advocate must contain findings of facts and conclusions of law, including:

(1) – (4)    [No Change]

(5)    if a durable power of attorney exists, the powers of the ~~attorney-in-fact~~agent, if any, that are suspended and granted to the guardian advocate;

(6) – (9)    [No Change]

**(e)    [No Change]**

### Committee Notes

**Rule History**

2008 Revision – 2013 Revision        [No Change]

2019 Revision: Subdivisions (b)(1) and (d)(5) amended to change "attorney-in-fact" to "agent" to be consistent with chapter 709, Florida Statutes. Committee notes updated to reflect the legislative amendments to chapter 709, Florida Statutes.

**Statutory References**

§ 393.063(9), Fla. Stat. Definitions.

§ 393.12, Fla. Stat. Capacity; appointment of guardian advocate.

§§ ~~709.08~~709.2101–709.2402, Fla. Stat. ~~Durable power of attorney~~Florida Power of Attorney Act.

§ 765.101, Fla. Stat. Definitions.

§ 765.104, Fla. Stat. Amendment or revocation.

§ 765.202, Fla. Stat. Designation of a health care surrogate.

§ 765.204, Fla. Stat. Capacity of principal; procedure.

§ 765.205(3), Fla. Stat. Responsibility of the surrogate.

§ 765.302, Fla. Stat. Procedure for making a living will; notice to physician.

§ 765.401, Fla. Stat. The proxy.

**Rule References**

[No Change]

**RULE 5.681.**      **RESTORATION OF RIGHTS OF PERSON WITH DEVELOPMENTAL DISABILITY**

**(a) – (d)**      **[No Change]**

**(e) Order.**

——The court must enter an order denying the suggestion or restoring all or some of the rights that were granted to the guardian advocate. If only some rights are restored to the person with a developmental disability, the order must state which rights are restored and amend the letters of guardian advocacy accordingly. The court need not hold a hearing prior to entering an order restoring rights if no objections are filed and the court is satisfied with the evidentiary support for restoration supplied by the petitioner.

**(f)**      **[No Change]**

**Committee Notes**

**Rule History**

2008 Revision – 2013 Revision          [No Change]

2019 Revision: Committee notes updated to reflect the legislative amendments to chapter 709, Florida Statutes.

**Statutory References**

§ 393.063(9), Fla. Stat. Definitions.

§ 393.12, Fla. Stat. Capacity; appointment of guardian advocate.

§§ ~~709.08~~709.2101–709.2402, Fla. Stat. ~~Durable power of attorney~~Florida Power of Attorney Act.

§ 765.101, Fla. Stat. Definitions.

§ 765.104, Fla. Stat. Amendment or revocation.

§ 765.202, Fla. Stat. Designation of a health care surrogate.

§ 765.204, Fla. Stat. Capacity of principal; procedure.

§ 765.205(3), Fla. Stat. Responsibility of the surrogate.

§ 765.302, Fla. Stat. Procedure for making a living will; notice to physician.

§ 765.401, Fla. Stat. The proxy.

**Rule References**

[No Change]

## RULE 5.695.          ANNUAL GUARDIANSHIP REPORT

**(a)     Contents and Filing.**

**(1)     Guardian of the Person.** Unless the court requires reporting on a calendar-year basis, the guardian of the person shall file an annual guardianship plan within 90 days after the last day of the anniversary month in which the letters of guardianship were signed. The plan shall include the mailing address, phone number, and e-mail address of the guardian, and:

(A)     the residence address of an individual guardian; or

(B)    the office address of a corporate or public guardian.

The plan must cover the coming fiscal year ending on the last day of such anniversary month. If the court requires calendar-year reporting, the guardianship plan for the forthcoming year must be filed on or before April 1 of each year.

**(2)    Guardian of the Property.** Unless the court requires or authorizes reporting on a fiscal year basis, the guardian of the property shall file an annual accounting on or before April 1 of each year. The plan shall include the mailing address, phone number, and e-mail address of the guardian, and:

(A)    the residence address of an individual guardian; or

(B)    the office address of a corporate or public guardian.

The annual accounting shall cover the preceding annual accounting period. If the court requires or authorizes reporting on a fiscal year basis, the annual accounting shall be filed on or before the first day of the fourth month after the end of the fiscal year.

**(b)    Service.** Copies of the annual plan and accounting shall be served on the ward, unless the ward is a minor or is totally incapacitated, and the attorney for the ward, if any. With the approval of the court, service on the ward may be accomplished by serving the attorney for the ward. The guardian shall serve copies on such other persons as the court may direct.

### Committee Notes

[No Changes]

**Rule History**

1975 Revision – 2017 Revision        [No Change]

2019 Revision: Subdivisions (a)(1) and (a)(2) amended to require guardian's contact information.

**Statutory References**

[No Change]

**Rule References**

[No Change]

**RULE 5.900.   EXPEDITED JUDICIAL INTERVENTION CONCERNING MEDICAL TREATMENT PROCEDURES**

**(a) – (d)      [No Change]**

### Committee Notes

This rule was submitted by the committee in response to the request contained in footnote 17 of *In re Guardianship of Browning*, 568 So. 2d 4 (Fla. 1990). See also *Cruzan by Cruzan v. Director*, *Missouri Department of Health*, 497 U.S. 261, 110 S.Ct. 2841, 111 L. Ed.2d 224 (1990).

The promulgation of this rule is not intended to imply that judicial intervention is required to terminate life-prolonging procedures.

Practitioners should note that the criteria and standards of proof contained in ~~Browning~~*Browning* differ from the criteria and standards of proof presently existing in chapter 765, Florida Statutes.

### Rule History

1991 Revision – 2008 Revision        [No Change]

2019 Revision: Committee notes updated to reflect the legislative amendments to chapter 709, Florida Statutes.

### Constitutional Reference

[No Change]

### Statutory References

§ 393.12, Fla. Stat. Capacity; appointment of guardian advocate.

§§ ~~709.08~~709.2101–709.2402, Fla. Stat. ~~Durable power of attorney~~Florida Power of Attorney Act.

§ 731.302, Fla. Stat. Waiver and consent by interested person.

§ 744.102, Fla. Stat. Definitions.

§ 744.104, Fla. Stat. Verification of documents.

§ 744.3115, Fla. Stat. Advance directives for health care.

ch. 765, Fla. Stat. Health care advance directives.

**Rule References**

[No Change]